**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAN LISTER,

        Plaintiff-Appellant,

v.

DEPARTMENT OF THE
TREASURY, JO ANNE B.
BARNHART, Commissioner of Social
Security Administration,

        Defendant-Appellee.

No. 04-5087

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 03-CV-767-EA)**

---

Submitted on the briefs:

Jan Lister, pro se.

---

Before **LUCERO**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

Jan Lister appeals from the district court's denial of her motion for leave to proceed in forma pauperis (IFP) to file a complaint and have it served. Finding no error in the district court's ruling, we **AFFIRM** .[1]

I

Although the district court's ruling is not a final order, "denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order" under the Cohen doctrine. Roberts v. United States Dist. Court , 339 U.S. 844, 845 (1950) (citing Cohen v. Beneficial Indus. Loan Corp. , 337 U.S. 541 (1949)); Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc. , 865 F.2d 22, 23 (2d Cir. 1988) (noting that "an interlocutory appeal may be taken from an order denying leave to proceed in forma pauperis under the [ Cohen ] doctrine"); Tripati v. First Nat'l Bank & Trust , 821 F.2d 1368, 1369 (9th Cir. 1987) (accord). If a truly indigent claimant is not granted IFP status, she is barred from proceeding at all in district court. Thus, the denial of leave to proceed IFP is "effectively unreviewable on appeal from a final judgment," Coopers & Lybrand v. Livesay , 437 U.S. 463, 468 (1978), because there would be no final judgment from which to appeal. See also Firestone Tire & Rubber Co. v. Risjord , 449 U.S. 368, 376

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(1981) ("To be appealable as a final collateral order, the challenged order must constitute a complete, formal and, in the trial court, final rejection of a claimed right where denial of immediate review would render impossible any review whatsoever.") (internal quotation marks and citations omitted).  On the foregoing basis, we conclude that we have jurisdiction over this appeal.

**II**

Lister filed suit against the Department of the Treasury and the Commissioner of the Social Security Administration in November 2003.  Although her complaint is practically unintelligible, it appears that an administrative law judge denied social security benefits to Lister, and she wishes to appeal from that order.    See R., Doc. 1 at 1 & Ex. A.  Along with her complaint in the federal court, Lister concurrently filed a "Pauper's Affidavit," claiming to be disabled and on welfare and unable to pay the costs of filing suit.        Id.  Doc. 2.  Thus, the district court was obliged to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e).  Lister failed, however, to set forth her income, her assets from all sources, and her expenses with sufficient specificity for the district court to evaluate her financial status.

The magistrate judge to whom the case was assigned quickly entered an order requiring Lister to cure the deficiencies in her filing; the order informed Lister that she had to complete a notarized "Motion for Leave to Proceed In

Forma Pauperis and Supporting Affidavit" and that she also had to fill out Marshal forms and provide additional copies of her complaint for service of process. R., Doc. 4 at 1-2; see § 1915(d) (providing for service of process by court). Lister was also informed in the order that free forms for the motion, affidavit, and Marshal were available from the clerk's office. Instead of filling out and filing the proper forms, Lister filed a self-prepared motion to proceed IFP and second affidavit that again did not contain the requisite financial information. Id. Doc. 5. Because the magistrate judge could not yet determine Lister's financial status, he denied the motion and directed her to pay the required filing fee. Id. Doc. 6 at 1. Lister filed an untimely objection to the order and did not pay the fee. Id. Doc. 8. The district court affirmed the magistrate judge's order, id. Doc. 9, and this appeal followed.

### III

We first address the jurisdictional issue of a magistrate judge's authority to issue final orders granting or denying IFP status. A magistrate judge's authority is narrowly prescribed by 28 U.S.C. § 636. Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987) (per curiam). In Gee, we noted that "[m]agistrates may properly be allowed to hear motions to dismiss in forma pauperis actions," but that § 636 does not allow the magistrate to "make a final ruling on motions to dismiss." Id. We held that a court abuses its discretion by dismissing an in forma pauperis

claim upon a magistrate's recommendations without providing a de novo determination as to objections to the magistrate's report. Id. at 1009.

Our sister circuits have held that magistrate judges have no authority to enter an order denying IFP status. See Donaldson v. Ducote, 373 F.3d 622, 623-25 (5th Cir. 2004) (per curiam); Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) ("[D]enial of [motion to proceed in forma pauperis] is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.") . Because this was a dispositive matter, under Fed. R. Civ. P. 72(b), the magistrate judge should have only issued a report and recommendation for a decision by the district court. See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993) (noting that, although "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," rulings made "under [under § 636(b)(3)] are not subject to final determination by a magistrate judge"); cf. Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir. 1989) ("[W]e have consistently recognized that [a] magistrate exercising 'additional duties' jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the ultimate responsibility for decision making in every instance.").

On our review of the record, we elect not to reverse in this case because the district court specifically held that Lister's objections to the magistrate judge's order were "devoid of merit," R., Doc. 9, indicating that it undertook the proper de novo review of the magistrate judge's order and issued the final order. We therefore proceed to the merits of the appeal.

## IV

Under § 1915(a), a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses, that the person is unable to pay such fees or give security therefor." Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (noting that, "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP"); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (accord); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) (accord). "Notwithstanding any filing fee," the court must "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue" or that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted;" or makes a claim for monetary relief from an immune party.

§ 1915(e)(2)(B). Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action. Cf. DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (addressing IFP status requirements on appeal).

Consistent with the language of § 1915(a)(1) that gives a district court discretion to grant permission to proceed IFP, we review the district court's denial of IFP status for an abuse of discretion. See Martinez, 364 F.3d at 1306 ("We review a district court's denial of a motion for leave to proceed IFP under § 1915 for abuse of discretion."); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) (accord); cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992) (holding that "[b]ecause the frivolousness determination is a discretionary one, . . . a § 1915(d) dismissal is properly reviewed for an abuse of that discretion . . ."); Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) (reviewing district court's decision to revoke IFP status for abuse of discretion).

We conclude that the district court did not abuse its discretion in denying IFP status after Lister, having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information. Cf. Martinez, 364 F.3d at 1306-07 (noting that "a trial court has wide discretion in denying an application to proceed

-7-

IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (internal quotation marks omitted).

We further conclude that Lister is not entitled to IFP status on appeal, as she has similarly failed to provide this court with sufficient information from which the court can ascertain her financial status. See Fed. R. App. P. 24(a)(1)(A) (requiring appellant to "show[] in the detail prescribed by Form 4 [2] of the Appendix of Forms the party's inability to pay"); Fed. R. App. P. 24(a)(5) (providing that "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). That motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)."). A bald assertion that an applicant is not employed and "never received money because the United States never paid

---

[2]     Form 4 provides for information regarding the IFP movant's income sources, monies on hand and in various accounts, assets, dependents, debts owed the movant, expenses of the movant, expected changes to income or expenses, assets or liabilities, costs incurred in conjunction with the case, any other relevant financial information, and contact information for the movant, including the movant's age, education, and Social Security number.

-8-

money," Aplt. Financial Declaration at 2, is insufficient.  Lister's motion to proceed IFP on appeal is  **DENIED** .

The judgment of the district court is  **AFFIRMED** .