**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

AMADO GARCIA,

      Defendant-Appellant.

No. 05-8065
(D.C. Nos. 04-CV-295-D and
00-CR-101-03-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

This is a *pro se* appeal arising from a 28 U.S.C. § 2255 proceeding in

which Amado Garcia challenges his conviction for multiple drug-related felonies.

He is now appealing the district court's order denying his motion to proceed *in*

*forma pauperis* ("IFP"). Because there is no filing fee associated with filing a

§ 2255 motion and because denial of IFP does not bar Mr. Garcia from

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

proceeding with his § 2255 proceeding in the district court, we hold that we lack jurisdiction over this appeal and therefore DISMISS.

## I. BACKGROUND

On October 20, 2004, Mr. Garcia filed in the district court a § 2255 petition and a motion to proceed IFP. On October 28, 2004, without receiving a filing fee from Mr. Garcia, the district court ordered service of Mr. Garcia's motion and a response from the Respondent. On June 28, 2005, the district court denied Mr. Garcia's motion to proceed IFP, explaining that "no filing fee is required for section 2255 motions" and that "Mr. Garcia receives a regular income while incarcerated." It therefore concluded that, "[a]s a result of his employment, Mr. Garcia ha[d] sufficient funds to pay any expenses which should arise incident to his section 2255 filing."

On July 11, 2005, Mr. Garcia filed his notice of appeal regarding the district court's denial of IFP status. On the same day, Mr. Garcia also sent a letter to the district court clerk indicating his belief that he was entitled to transcripts and copies from the court's file without costs. The district court deemed Mr. Garcia's letter to be a motion for transcripts and documents without cost and denied it. We dismissed Mr. Garcia's appeal of the denial of his motion for transcripts and documents without cost for lack of jurisdiction. Currently

before us, then, is Mr. Garcia's appeal of the district court's order denying his motion for leave to proceed IFP.

## II. DISCUSSION

Under § 1915(a), a district court "may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a); see also Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005) (recognizing that the affidavit requirement applies to all persons requesting leave to proceed IFP). Thus, in this case, IFP status would authorize only the commencement of Mr. Garcia's § 2255 proceeding without prepayment of fees or security therefore. Importantly, however, there is no filing fee or court costs associated with a § 2255 proceeding. See Rules Governing § 2255 Proceedings, R. 3, Adv. Comm. 1976 Adoption ("There is no filing fee required of a movant under these rules [governing § 2255 proceedings]."). As such, Mr. Garcia's appeal is moot.[1]

---

[1] Even if we were to consider Mr. Garcia's appeal, however, we would affirm the district court's denial. Section 1915(a)(1) gives a district court discretion to grant permission to proceed IFP. See 28 U.S.C. § 1915(a)(1). We therefore review a district court's denial of IFP status for an abuse of discretion.

(continued...)

We note that Advisory Committee Note to Rule 3 of the Rules Governing

§ 2255 Proceedings states that:

> Even though there is no need to have a forma pauperis affidavit to proceed with the action since there is no requirement of a fee for filing the motion the affidavit remains attached to the form to be supplied potential movants. Most such movants are indigent, and this is a convenient way of getting this into the official record so that the judge may appoint counsel, order the government to pay witness fees, allow docketing of an appeal, and grant any other rights to which an indigent is entitled in the course of a § 2255 motion, when appropriate to the particular situation, without the need for an indigency petition and adjudication at such later point in the proceeding. This should result in a streamlining of the process to allow quicker disposition of these motions.

As the Note expressly states, however, a "forma pauperis affidavit" is merely "a

convenient way of getting [a petitioner's indigency] into the record." Id. The

district court's denial of IFP status therefore does not on its own prohibit Mr.

Garcia from exercising any of the rights to which an indigent is entitled in the

---

[1](...continued)
Lister, 408 F.3d at 1311. While "a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915 . . . , in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306-07 (10th Cir. 2004) (internal quotation marks omitted)). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." Lister, 408 F.3d at 1312.

Here, Mr. Garcia cannot show a "financial inability to pay the required filing fees" for the simple reason that there is no filing fee. As a result, we would conclude that the district court did not abuse its discretion in denying IFP status.

course of a § 2255 proceeding, even if it makes exercising those rights slightly less convenient. Thus, for example, under 28 U.S.C. § 753(f), a defendant bringing a § 2255 claim is entitled to a free trial transcript provided that he demonstrates he is indigent and that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). The district court's denial of Mr. Garcia request to proceed IFP does not affect any of these rights.

We do not have jurisdiction over this appeal because denial of IFP, in this case, was not a final, appealable order. Under 28 U.S.C. § 1291, we generally have jurisdiction only over final orders of the district court. Denial of a motion to proceed in forma pauperis is not a final order. Lister, 408 F.3d at 1310. The Supreme Court, however, has held that denial by a district judge of a motion to proceed in forma pauperis is an appealable order under the Cohen doctrine such that we have jurisdiction to review the denial. See Roberts v. U.S. Dist. Court, 339 U.S. 844, 845 (1950); Lister, 408 F.3d at 1310-11.

But to be appealable as a collateral order under the Cohen doctrine, "the challenged order must constitute a complete, formal and, in the trial court, final rejection of a claimed right where denial of immediate review would render impossible any review whatsoever." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376 (1981) (internal quotation marks and citations omitted). As we

explain in Lister, most denials of motions to proceed IFP fall under the Cohen

doctrine because:

> [i]f a truly indigent claimant is not granted IFP status, [he] is barred from proceeding at all in district court. Thus, the denial of leave to proceed IFP is "effectively unreviewable on appeal from a final judgment," Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S. Ct. 2454, 57 L. Ed.2d 351 (1978), because there would be no final judgment from which to appeal.

Lister, 408 F.3d at 1311. But this is not the case here.

Instead, here, the district court's denial has not barred Mr. Garcia from

"proceeding at all in district court." See id. To the contrary, the district court

accepted Mr. Garcia's § 2255 motion without a filing fee, ordered service of the

motion, and ordered that the Respondent file a response. As such, the district

court's denial of Mr. Garcia's request to proceed with his § 2255 proceeding IFP

is not an appealable order such that we have jurisdiction to hear his appeal.

### III. CONCLUSION

We hold that we lack jurisdiction to review the district court's denial of

Mr. Garcia's motion and therefore DISMISS this appeal.[2] Mr. Garcia's request to

---

[2] To the extent that Mr. Garcia again challenges the district court's denial of his motion requesting transcripts and documents without costs, we previously determined that we lack jurisdiction over that appeal because the district court's order did not constitute a final appealable decision. Although we would be very surprised to find that Mr. Garcia's prison income would cover the cost of transcripts, we explained in that Order that the district court's denial will be appealable upon entry of a final judgment in Mr. Garcia's § 2255 proceeding. If,

(continued...)

proceed IFP on appeal is GRANTED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2](...continued)
however, Mr. Garcia's financial situation has changed since his original request for transcripts and documents, he may file a new motion with the district court demonstrating that he is indigent, that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by" his § 2255 proceeding.