**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NANCY LEWIS and LADY BROWN
DOG THE ENFORCER,

        Plaintiffs-Appellants,

v.

BURGER KING,

        Defendant-Appellee.

No. 09-2160

(D. of N.M.)

(D.C. No. 6:09-CV-00305-JCH-RLP)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Nancy Lewis and her dog, Lady Brown Dog the Enforcer (Lady Brown

Dog), challenge the district court's dismissal with prejudice of their civil rights

suit against Burger King.[1]  Because Lewis and her dog were proceeding *in forma*

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  Lady Brown Dog appears as a co-plaintiff on Lewis's complaint.

*pauperis* (IFP), the district court reviewed their complaint under 28 U.S.C. § 1915(e)(2) and concluded it failed to state a claim for relief.

Having jurisdiction under 28 U.S.C. § 1291, we agree that Lady Brown Dog, as an animal, lacks standing to sue, and AFFIRM the district court's dismissal of Lady Brown Dog's claims with prejudice. Because we conclude the district court should have afforded Lewis an opportunity to amend her complaint, we VACATE the district court's dismissal with prejudice of her claims and REMAND for entry of an order dismissing Lewis's complaint without prejudice.

## I. Background

On January 14, 2009, Lewis and Lady Brown Dog were apparently asked to leave a Burger King restaurant in Espanola, New Mexico. According to Lewis, this was "on account of . . . Lady Brown Dog's being a dog." R., Doc. 1 at 1.

Lewis then filed suit in federal district court alleging that Burger King had violated their civil rights.[2] Lewis, proceeding pro se,[3] complained that Burger King had violated her rights under the Americans with Disabilities Act of 1990 (ADA) by discriminating against her, as a disabled person, and, apparently, against her dog as a service dog. Lewis sought "punitive and compensatory damages commensurate with the . . . civil rights violation." *Id.* Lewis's

---

[2] Burger King was not served with process and is not a party to this appeal.

[3] We construe Lewis's pro se pleadings liberally. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

complaint, however, did not describe her disability, nor the medical service or assistance that Lady Brown Dog supposedly provides.

Because Lewis requested to proceed IFP, the magistrate judge reviewed her complaint under 28 U.S.C. § 1915(e)(2) to determine whether a reasoned, nonfrivolous argument on the law and facts existed to support the action against Burger King. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The magistrate judge issued a report recommending Lewis's complaint be dismissed for failure to state a claim for relief. Specifically, the magistrate judge found Lewis (1) failed to allege that she is a qualified person under the ADA or that she has a physical or mental impairment, (2) failed to identify the particular assistance Lady Brown Dog provided her, and (3) was improperly seeking monetary damages. The magistrate judge's report also noted that because "Lewis may be able to cure some or all the problems in her Complaint," the dismissal should be without prejudice. R., Doc. 5 at 5.

Finally, the magistrate judge recommended Lady Brown Dog's claims be dismissed with prejudice as "neither the ADA nor any other civil rights statute confer upon an animal the right to bring a civil action." *Id.*

Lewis objected to the magistrate judge's recommended disposition. She stated she suffers from several medical conditions which make her "unsteady on her feet." R., Doc. 6 at 2. Lewis further noted that she had trained Lady Brown

Dog herself after rescuing the dog as a stray. According to Lewis, Lady Brown Dog serves as her walking aid as well as a constant and protective companion.

Lewis also took issue with the magistrate judge's conclusion that Lady Brown Dog lacked standing. Lewis, referencing news stories of animals inheriting large sums of money upon the death of their human owners, maintained it was unfair that "Lady Brown Dog can work her Pit Bull flanks off to earn her keep, [but] she can't object to being denied the right to practice her profession as a service dog." *Id.* As a result, Lewis stated it was time that courts permitted "non-human creatures" to sue, at least via a human advocate. *Id.*

A letter from a certified family nurse practitioner was also attached to Lewis's objection. The letter indicated Lewis suffers from "chronic sciatica, diabetes, hypertension, and hyperlipidemia." R., Doc. 6 at 5. According to the nurse practioner, Lewis "is in a delicate condition and is often unsteady on her feet." *Id.* Apparently referencing Lady Brown Dog, the nurse practitioner stated she believes "having the dog is good for Nancy as she has become her companion. Nancy feels safer and more able to walk with the dog around, and the dog is friendly. She makes an excellent companion dog." *Id.*

Lewis also submitted a letter from the Santa Fe, New Mexico, transit department. This letter apparently grants her ADA paratransit eligibility, permitting her to use the Santa Fe Ride Program—as well as similar programs

nationwide—whenever her disability prevents her from using the regular bus system. It further allows her to bring along her "service animal." *Id.* at 6.

The district court rejected Lewis's objection and adopted the magistrate judge's proposed findings. The court also adopted the magistrate judge's recommended disposition, but dismissed Lewis's ADA claims *with prejudice* despite the report's recommendation the dismissal be *without prejudice*.

Lewis now brings this appeal.

## II. Analysis

On appeal, Lewis argues the district court erred by failing to grant her an opportunity to amend her complaint. She also contends that, with respect to Lady Brown Dog, "the time has come for new precedent to spur Congress to give standing to animals." Aplt. Br. at 4.

Section 1915(e)(2)(B)(ii) permits a court to dismiss an IFP action if it "fails to state a claim on which relief may be granted." Construing Lewis's complaint liberally, we review the district court's dismissal de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* at 1217 (quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe th[e]

allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted).

To the extent Lewis's objection to the magistrate judge's report and recommendation raised issues of fact regarding her disability and the assistance Lady Brown Dog provides, we agree that "Lewis *may* be able to cure some or all the problems in her Complaint." *See* R., Doc. 5 at 5 (emphasis added). For this reason, we cannot conclude it would have been futile to give Lewis an opportunity to amend her complaint. Therefore, the district court erred in dismissing Lewis's claims *with* prejudice.

We agree, however, with the district court that Lady Brown Dog, as a dog and putative co-plaintiff, lacks standing to sue under the ADA (or any other civil rights statute). *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1179 (9th Cir. 2004) ("If Congress and the President intended to take the extraordinary step of authorizing animals as well as people and legal entities to sue, they could, and should, have said so plainly." (minor alteration and quotation omitted)); *see also* Cass R. Sunstein, *Standing for Animals (With Notes on Animal Rights)*, 47 UCLA L. Rev. 1333, 1359 (2000) ("[T]he question of whether animals have standing depends on the content of positive law. If Congress has not given standing to animals, the issue is at an end."). The district court, therefore, did not err in dismissing Lady Brown Dog's claims with prejudice.

### III. Conclusion

For the foregoing reasons, we VACATE the district court's dismissal with prejudice of Lewis's claims and REMAND for entry of an order dismissing Lewis's claims without prejudice. We further AFFIRM the district court's dismissal with prejudice of Lady Brown Dog's claims.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge