**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MEKBIB G. ADGEH,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA,

      Defendant - Appellee.

No. 11-6171
(D.C. No. 11-CV-00619-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Plaintiff-Appellant Mekbib G. Adgeh appeals from the district court's judgment dismissing his action with prejudice. 1 R. 7. In an order of dismissal, the district court held that Mr. Adgeh's claim of a legal right to have more than one wife, contrary to Okla. Stat. tit. 21, §§ 881, 882, failed as a matter of law and was frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); 1 R. 5-7.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Unable to persuade the district court, Mr. Adgeh seeks to proceed on appeal in forma pauperis ("IFP") or without prepayment of costs or fees. This requires he demonstrate not only a financial inability to pay, but also a reasoned, non-frivolous argument as to why the district court's resolution is incorrect. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). "[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Adgeh claims that the Oklahoma statute prohibiting polygamy violates his First Amendment right to freedom of religion. As the district court recognized, his argument is precluded by clear precedent. See Reynolds v. United States, 98 U.S. 145, 166-67 (1878) (concluding that the government has the right to punish bigamy as a religious practice, though it cannot interfere with mere religious belief); see also Potter v. Murray City, 760 F.2d 1065, 1069-70 (10th Cir. 1985) (holding that the state of Utah had a compelling interest in upholding and enforcing its ban on bigamy). Though he advances a number of policy reasons which in his opinion justify polygamy, he has not advanced a non-frivolous argument on appeal as to how the ban violates any constitutional right.

- 2 -

Accordingly, we DENY the motion to proceed IFP and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge