**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| TEODOR MARIAN, | |
| Plaintiff-Appellant, | No. 11-2251 |
| v. | (D. of N.M.) |
| SOCORRO ELECTRIC COOPERATIVE (SEC) OF NEW MEXICO; LEOPOLDO PINEDA, in his individual capacity as General Manager at SEC; KATY TORRES, in her individual capacity as Office Manager/Accountant at SEC; EILEEN LATASSA, in her individual capacity as Records Custodian at SEC; MELISSA AMARO, in her individual capacity as Collections Clerk at SEC; NEW MEXICO HUMAN SERVICES DEPARTMENT (NMHSD); MARILYN MARTINEZ, in her individual capacity as Quality Improvement Section Manager, NMHSD; MELODY HODGE, in her individual capacity as Clerk of Civil Rights Dep't, NMHSD; LORETTA WILLIAMS, in her individual capacity as LIHEAP Manager, NMHSD, | (D.C. No. 1:11-CV-00970-RB-WDS) |
| Defendants-Appellees. | |

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th

(continued...)

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Teodor Marian appeals the dismissal of his pro se suit against Socorro Electric Cooperative of New Mexico and the denial of his application to proceed in forma pauperis.

Socorro turned off the electricity to Marian's summer home in New Mexico for failure to pay his electric bill, and Marian sued Socorro; a number of the company's employees; the New Mexico Housing Department; employees of that department; and employees of the federal Low Income Home Energy Assistance Program: He alleges violations of: (1) the Civil Rights Act of 1964; (2) the Freedom of Information Act; (3) 42 U.S.C. § 8624, governing the Low Income Home Energy Assistance Program; (4) the Fourteenth Amendment of the United States Constitution; and (5) the New Mexico Constitution.

The district court denied Marian's application and his claims, finding that he had failed to allege a federal claim.[1]  We affirm.

---

[*](...continued)
Cir. R. 32.1.

[**]   After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1] Marian argues that we have diversity jurisdiction over his state law

(continued...)

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

On appeal, Marin argues the district court violated his right to due process and followed improper procedures in undertaking a review of his complaint "sua sponte" to determine whether it was frivolous. He appears to be confusing the procedural rules governing the imposition of sanctions for frivolous complaints under Federal Rule of Appellate Procedure 38 with the procedural rules governing motions to proceed IFP under 28 U.S.C. § 1915(e)(2)(B)(ii). A motion to proceed IFP requires the court to determine "the existence of a reasoned, nonfrivolous

---

[1](...continued)
contract claims because he is a citizen of California and Socorro is a New Mexico utility cooperative. The amount in controversy in this suit, however, is far under the required $75,000, which is more than the New Mexico property is worth and far more than Marian owes on his electric bill. 28 U.S.C. § 1332(a).

argument on the law and facts in support of the issues raised in the action."

*Lister*, 408 F.3d at 1312. The district court's inquiry was therefore proper.

After conducting our own review of the record, we agree with the district court for substantially the same reasons. Marian has no valid claim based on his California residency or based on any of the statutes identified in his complaint. *Marian v. Socorro Electric Cooperative of New Mexico*, No. 11cv970 RB/WDS (D. New Mexico, Nov. 29, 2011).

The Appellant's motion to proceed in forma pauperis is DENIED. The Appellant's Motion for recusal of Judge Robert C. Brack and Appellant's Motion to Recall the Improper Final Judgment are likewise DENIED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge