**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WADE GREELY LAY,

    Petitioner - Appellant,

v.

MAURICE WARRIOR,* Warden, OSP;
OKLAHOMA STATE PENITENTIARY,

    Respondents - Appellees.

No. 15-5067
(D.C. No. 4:15-CV-00353-TCK-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[†]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

    State prisoner Wade Lay appeals from the denial of his motions for the appointment of counsel and in forma pauperis ("*ifp*") status. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * Under Fed. R. App. P. 43(c)(2), Deputy Maurice Warrior is substituted for Anita Trammell as Interim Warden of the Oklahoma State Penitentiary, effective October 28, 2015.

    [†] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

### A. *Mr. Lay's 2005 Conviction and 2009 Habeas Petition*

In 2005, an Oklahoma jury convicted Mr. Lay of first degree murder and attempted robbery with a firearm. *Lay v. Trammell*, No. 08-CV-617-TCK-PJC, 2015 WL 5838853, at *1-2 (N.D. Okla. Oct. 7, 2015). Mr. Lay had waived his right to counsel and proceeded pro se at trial. *Id.* at *2. He was sentenced to death for the murder conviction and 25 years in prison for the conviction of attempted robbery with a firearm. *Id.*

In 2008, Mr. Lay initiated habeas proceedings in the Northern District of Oklahoma by filing a pro se motion for the appointment of counsel to assist in filing a petition under 28 U.S.C. § 2254. The court granted his motion under 18 U.S.C. § 3599, which provides for appointment of counsel to indigent petitioners seeking federal habeas relief from a capital sentence. 18 U.S.C. § 3599(a)(2). The district court's order appointed the Federal Public Defender's Office to represent Mr. Lay.

In 2009, Mr. Lay's attorneys filed a habeas corpus petition under 28 U.S.C. § 2254, contending, in relevant part, that Mr. Lay's convictions were invalid because he was mentally incompetent to stand trial or to waive counsel. The district court denied Mr. Lay's petition in October 2015 and granted a certificate of appealability as to certain issues raised in the petition. *Lay*, 2015 WL 5838853, at *56-57. Mr. Lay's attorneys subsequently filed an appeal.

### B. Mr. Lay's 2015 Motions

In June 2015, while his habeas petition was pending, Mr. Lay, acting pro se, initiated a separate action in the Eastern District of Oklahoma. He filed motions (1) for the appointment of counsel and (2) to proceed *ifp*. The first motion alleged that his attorneys had fraudulently asserted he was mentally ill in the 2009 petition. It explained that Mr. Lay therefore sought the appointment of counsel to assist him in filing an accurate petition, which would assert additional grounds for relief absent from the earlier petition.

The district court transferred this case under 28 U.S.C. § 2241(d) to the Northern District of Oklahoma, where Mr. Lay had been convicted.[1] The case was eventually assigned to the same judge who was presiding over Mr. Lay's 2009 habeas petition, but the two cases were not consolidated.

The district court denied both of Mr. Lay's 2015 motions, finding no factual or legal basis for Mr. Lay's assertion that the 2009 petition was fraudulent. It then terminated the case.

## II. DISCUSSION

Under 18 U.S.C. § 3599(a)(2), an indigent petitioner seeking federal habeas relief from a capital sentence is entitled to the appointment of counsel. A petitioner may move to

---

[1] Under 28 U.S.C. § 2241(d), a state prisoner may file a habeas petition "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." A court "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

replace appointed counsel, *see* 18 U.S.C. § 3599(e), and a court may grant such a motion when substitution is in the "interests of justice." *Martel v. Clair*, 132 S. Ct. 1276, 1281 (2012). We construe Mr. Lay's 2015 motion for the appointment of counsel as a motion to replace the attorneys who represent him in his habeas proceedings that were filed in 2009.

"Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion." *Id.* at 1287. We also review the district court's denial of *ifp* status for an abuse of discretion. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312-13 (10th Cir. 2005).

We affirm the district court's decisions denying both motions. Mr. Lay's motion for the appointment of counsel asserted that his attorneys fraudulently alleged he was mentally ill in the 2009 petition. But as the district court concluded, Mr. Lay failed to provide any factual or legal basis for this allegation. Accordingly, the district court did not abuse its discretion in determining that the substitution of counsel was not in the interests of justice or that a grant of *ifp* status was unwarranted. For these reasons, we affirm.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge