**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REED MCDONALD,

      Plaintiff - Appellant,

v.

COLORADO'S 18TH JUDICIAL
DISTRICT,

      Defendant - Appellee.

No. 16-1056
(D.C. No. 1:15-CV-02731-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Reed McDonald, proceeding pro se, appeals the district court's denial of his

application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. McDonald initiated this case by simultaneously filing a complaint and an

application to proceed IFP. The magistrate judge to whom the case was assigned

concluded that the IFP application is deficient because it contains statements which

---

[*] After examining appellant's brief and supplemental authority, as well as the
appellate record, this panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appear to be inconsistent with the factual allegations in the complaint. The IFP application states that Mr. McDonald's only income consists of $185 per month in public assistance, while the complaint alleges that he operates three separate businesses and does business with several large corporations. The magistrate judge entered an order directing Mr. McDonald to cure this apparent discrepancy.

Mr. McDonald did not amend his IFP application. Instead, he filed a response to the magistrate judge's order and an amended complaint. The response does not address the deficiency identified by the magistrate judge and seems to interpret the court's order to mean that he was denied IFP status because his application was not on the proper "long form." R., Vol. 2 at 191-92. The response states that Mr. McDonald was granted IFP status in prior proceedings before other courts and that he "already provided" the court with a "long form" application. *Id.* at 192. The amended complaint reiterates the assertions that Mr. McDonald "operates three businesses," including "working as a commercial photographer for large corporate clients." R., Vol. 1 at 55.

The district court denied the IFP application, stating that Mr. McDonald failed to comply with the magistrate judge's order directing him to file "an amended motion that clarifies his income, assets, and expenses" or to otherwise demonstrate "that he is unable to pay the required filing fees." R., Vol. 2 at 207. This appeal followed.

Mr. McDonald devotes much of his briefing to issues that we do not address because they are not pertinent to this appeal. We do address his argument that the district court erred by denying his IFP application. We are not persuaded.

2

Denial of an application to proceed IFP is an appealable order. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005). We review for an abuse of discretion the district court's denial of IFP status. *Id.* at 1312. Because Mr. McDonald is proceeding pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We discern no abuse of the district court's discretion. The magistrate judge identified an apparent discrepancy in Mr. McDonald's filings that suggested he might not be entitled to IFP status, and he was ordered to clarify his filings or explain why he should be permitted to proceed IFP. His subsequent filings were unresponsive to the magistrate judge's order because they failed even to address, much less cure, the deficiency identified with respect to his IFP application.

The district court's order is affirmed. Mr. McDonald's motion to proceed IFP on this appeal, which repeats yet again his assertion that his only income is $185 per month in public assistance, is denied. Mr. McDonald is directed to pay the appellate filing fee forthwith. Payment shall be made to the Clerk of the District Court.

Entered for the Court


Jerome A. Holmes
Circuit Judge

3