**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRANDE L. SAMUELS,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; OKLAHOMA
BAR ASSOCIATION CITY OF TULSA;
TULSA COUNTY DISTRICT
ATTORNEY OFFICE; TULSA COUNTY
INVESTIGATOR; TULSA COUNTY
PUBLIC DEFENDERS; G T BYNUM;
CLAIRE V. EAGAN; SHARON ELAIN
ALLEN HOLMES; JAMES KEELY;
STEVE KUNZWEILER; ISSAC
SHIELDS; CHUCK JORDAN; DAVID
BEEN; RONALD PALMER; MIKE
WILLIAMS; JERROD HART; TIMOTHY
MEANS; RICHARD ASCHOFF; RUSTY
BROWN; CLARK E. WILLIAMS;
LARRY L. EDWARDS; STEVEN T.
NIEMITALO; DONALD R. CHANDLER;
RUFUS E. NEWSOME; STEVEN L.
SANDERS; DOUGLAS K. SCHULKE;
JAYE W. TAYLOR; CORBIN CLARK
BREWSTER; BRIAN JAMES RAYL;
STEWART SOUTHERLAND; ROBERT
NIGH; KIMBERLY HAYS; CHARLES
W. CHESTNUT; RICHARD STEVENS;
JOHN W. COYLE III; KALEB K.
HENNIGH; JAMES L. KEE; D. KENYON
WILLIAMS JR.; MATTHEW C. BEESE;
JIMMY D. OLIVER; BRYON J. WILL;
JAMES R. HICKS; BRIAN K. MORTON;
ALISSA PREBLE HUTTER; NATHAN
D. RICHTER; MARK KENNEDY; CITY
OF TULSA; TULSA COUNTY JAIL;
VICTOR REGALADO; DAVID

No. 19-5002
(D.C. No. 4:18-CV-00267-EFM-KGG)
(N.D. Okla.)

PARKER; GWENDOLYN BRIGGS,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Brande Samuels brought suit against various individuals and entities (collectively, the defendants), alleging they violated his constitutional rights by "willfully, wantonly, recklessly, and deliberately subjecting [him] to unlawful arrest, detention[,] and prosecution." R. vol. 6, 14 (emphasis omitted).[1] Samuels also asserted state-law claims for assault and infliction of emotional distress.

A magistrate judge screened the complaint and recommended dismissing for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a)–(b). Specifically, the magistrate judge (1) recommended dismissing Samuels's claims against certain defendants because Samuels failed "to include any [specific] factual allegations" against them, R. vol. 6, 213 (emphasis omitted); (2) recommended dismissing most of Samuels's claims arising under 42 U.S.C.

_____

[*] After examining Samuels's brief and the appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Samuels's pro se filings. But we won't "assume the role of [his] advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

§ 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because the claims were barred by the two-year statute of limitations; (3) recommended dismissing Samuels's state-law tort claims because they were also time-barred; (4) recommended dismissing any claims arising from conduct that allegedly occurred *after* Samuels submitted his amended complaint because such conduct necessarily didn't "occur[] within the limitations period," *id.* at 218; and (5) recommended dismissing Samuels's remaining claims for failure to state a claim. The magistrate judge also denied Samuels's motions for appointment of counsel.

Samuels then filed a flurry of documents, including objections to the magistrate judge's recommendations, a motion for summary judgment, a motion to supplement the complaint, a motion to amend the complaint, a motion to enjoin state-court proceedings, and a motion to expedite a ruling on the motion to enjoin. The district court overruled Samuels's objections to the magistrate judge's recommendations because (1) Samuels failed to "address the [magistrate judge's] reasons" for "recommend[ing] dismissal of his claims" and (2) Samuels's objection to the magistrate judge's order refusing to appoint counsel was moot. R. vol. 7, 186. It then denied Samuels's motions to supplement and amend because Samuels "failed to explain how he would amend or supplement his complaint, as required by the local rules, or why [his] attempts to amend or supplement would not be futile." *Id.* at 187–188. Finally, the district court denied Samuels's remaining motions as moot in light

of its decision to adopt the magistrate judge's recommendation to dismiss for failure to state a claim.

Samuels now appeals the district court's order. But much like the objections he filed in district court—which neither acknowledged most of the magistrate judge's specific recommendations nor challenged the reasoning behind them—Samuels's appellate brief likewise fails to engage with either the district court's rulings or its reasoning.

For instance, Samuels doesn't dispute that his claims against certain defendants were subject to dismissal because he failed "to include any [specific] factual allegations" against them. R. vol. 6, 213. Likewise, he doesn't attempt to demonstrate that his motions to amend or supplement complied with the applicable local rules. Nor does he dispute that most of his claims were time-barred or make any effort to refute the district court's reasons for concluding that his remaining claims failed as a matter of law. Finally, he doesn't challenge the district court's conclusion that dismissing his complaint rendered his remaining motions moot.

Critically, to succeed on appeal, an appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Because Samuels provides no such explanation here, we affirm the district court's order without further discussion. *See id.* at 1369 (summarily affirming district court's ruling because appellant's "opening brief contain[ed] nary a word to challenge the basis" for it). As a final matter, we deny Samuels's motion to proceed in forma pauperis (IFP) on

4

appeal and his motion to appoint counsel. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that "to succeed on a motion to proceed IFP, the movant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised"); *cf. Rucks v. Boergermann*, 57 F.3d 978, 978–79 (10th Cir. 1995) (affirming order denying motion to appoint because "even with appointed counsel, [appellant] had little likelihood of prevailing on the merits").

Entered for the Court


Nancy L. Moritz
Circuit Judge