FILED
United States Court of Appeals
Tenth Circuit

December 17, 2021

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

VICTOR CHARLES FOURSTAR, JR.,

    Petitioner - Appellant,

v.

CHARLES WILLIAMS, Warden at FCI-Englewood, CO,

    Respondent - Appellee.

No. 21-1094

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:21-CV-00418-GPG)**

_____

Submitted on the briefs:[*]

Victor Charles Fourstar, Jr., Pro Se.

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MATHESON**, Circuit Judges.

_____

**TYMKOVICH**, Chief Judge.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Victor Charles Fourstar, Jr., appeals the district court's denial of his *in forma pauperis* application. His underlying claim is for compassionate release under 28 U.S.C. § 2241. The claim is based primarily on the alleged understaffing of prisons during the COVID-19 pandemic. The district court denied Fourstar's IFP motion because it found that Fourstar did have the funds to pay the five-dollar filing fee. Fourstar appealed that decision on March 19, 2021.[1] But on March 30, 2021, Fourstar paid the filing fee. Because Fourstar paid the filing fee, this particular denial of IFP status is not reviewable on collateral appeal. Thus, we have no jurisdiction and must dismiss his appeal.

The denial of an *in forma pauperis* application is usually one of the small class of decisions that may be appealed before the district court issues a final judgment. *See Lister v. Dep't Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)). But we have appellate jurisdiction over an IFP denial only if the denial effectively bars further litigation. *Cohen*, 377 U.S. at 546 (interpreting 28 U.S.C. § 1291). To be reviewable, a collateral order must "render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). Where a petitioner pays his filing fee, the denial of his IFP motion does not bar further litigation. The petitioner will

---

[1] Fourstar's brief does not actually address the denial of his IFP motion. Because Fourstar did not advance a "reasoned, nonfrivolous argument on the law and facts" regarding the district court's denial of his IFP motion, his motion to proceed *in forma pauperis* on appeal is also denied. *See Lister v. Dep't Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005).

have the opportunity to contest the IFP denial after a final judgment is issued.  Thus, the denial is not a final, appealable order under *Cohen*.  Here, since Fourstar paid his filing fee, we lack subject matter jurisdiction to hear his appeal.

We therefore dismiss this appeal for lack of jurisdiction and remand for further proceedings in the district court.