**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

BRITTANY CROWNHART,

    Plaintiff - Appellant,

v.

WALMART,

    Defendant - Appellee.

No. 21-1302
(D.C. No. 1:21-CV-02151-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
_____

To bring a civil suit in district court, a plaintiff typically must pay filing fees. *See* 28 U.S.C. § 1914. But courts can allow a suit to proceed without prepaid fees if the plaintiff cannot afford them. *See id.* § 1915(a)(1). Brittany Crownhart applied to bring this suit without prepaying fees. Her application declared that, in the preceding twelve months, she and her spouse had averaged a combined monthly income of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

$2,119.[1] Her application did not declare any expenses.[2] From this information, the district court found that Ms. Crownhart could afford to pay the required fees, totaling $402, and it denied her application to proceed without prepaying them.

Ms. Crownhart appeals the denial of her application, a ruling we review for an abuse of discretion, *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Ms. Crownhart represents herself, so we construe her filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court did not abuse its discretion, given the income and lack of expenses listed in Ms. Crownhart's application. Ms. Crownhart does not meaningfully challenge the analysis in the district court's order. Part of her brief discusses the merits of her suit, but the merits are separate from whether she could afford to prepay the filing fees. As to prepaying the fees, Ms. Crownhart argues that she showed she could not afford to do so because of bills. Her application, however, did not identify any expenses related to bills—or, for that matter, any expenses at all.

Although Ms. Crownhart did not list any expenses in her application, she stated in her notice of appeal that she could not pay the required fees "because of other bills to be paid." R. at 28 (capitalization standardized). This statement does

---

[1] The district court calculated this figure to be $2,122. Perhaps the discrepancy between our calculation and the district court's results from different interpretations of the handwritten numbers on Ms. Crownhart's application. Or perhaps it results from an arithmetic error. Either way, the three-dollar difference does not affect our analysis or disposition.

[2] Ms. Crownhart completed the "average monthly expenses" portion of the application by drawing lines down the expense columns and writing "N/A." Suppl. R. at 5–6.

not change the outcome of this appeal.  The statement came after the court had already denied Ms. Crownhart's application, and we generally limit our review "to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).  Moreover, the statement offers no specific information about how much money Ms. Crownhart needed to devote to bills.

We affirm the district court's order.  We deny Ms. Crownhart's motion to proceed on appeal without prepaying costs or fees because she has not presented "a reasoned, nonfrivolous argument on the law and facts." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Veronica S. Rossman
Circuit Judge