FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**      October 21, 2022

**TENTH CIRCUIT**

Christopher M. Wolpert
Clerk of Court

---

ROBERT W. JOHNSON,

    Plaintiff - Appellant,

v.

THE HERTZ CORPORATION; LYNN SPAETH,

    Defendants - Appellees.

No. 22-6092

(D.C. No. 5:22-CV-00134-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **BALDOCK,** and **McHUGH**, Circuit Judges.[**]

---

Alleging he was denied insurance coverage following an automobile accident, Plaintiff Robert Johnson filed a complaint in federal district court against Defendants, The Hertz Corporation and Lynn Spaeth.[1]  Plaintiff, proceeding pro se, raised claims of "breach of contract, pro se corporation and due process violations."

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

[1] Defendant Spaeth does not appear to have been served prior to the district court's dismissal of the complaint and she has not entered an appearance in this appeal.  According to Defendant Hertz, Spaeth is not a Hertz employee.

The district court submitted Plaintiff's motion to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of fees, under 28 U.S.C. § 1915(a)(1) to a magistrate judge for a Report and Recommendation (R&R). The magistrate judge entered an order directing Plaintiff to supplement his motion to proceed IFP. The magistrate judge was concerned Plaintiff had provided incomplete information about his income and expenses as he merely wrote "N/A" in response to "questions about valuable items, regular monthly expenses, minor dependents, and debt or financial obligations." Consequently, "Plaintiff did not explain how he pays for his daily needs such as housing, food, or transportation."

When Plaintiff did not (1) supplement his motion to proceed IFP within the allotted time, (2) show good cause why he failed to do so, or (3) request an extension of time to comply with the court's order, the magistrate judge submitted a R&R finding Plaintiff's motion failed to provide the district court a sufficient basis on which to grant him IFP status. The magistrate judge recommended the court deny Plaintiff's motion and dismiss the complaint without prejudice if Plaintiff did not submit the entire filing fee within twenty-one days. The district court adopted the R&R in its entirety and informed Plaintiff his complaint would be dismissed on a date certain if the clerk of court had not received his filing fee. Plaintiff filed an objection, stating only that he objected "to all alleged findings for dismissal." The deadline for Plaintiff to submit his filing fee came and went, and the district court dismissed the complaint without prejudice. In a written order the court commented:

2

> Petitioner submitted $2.00 to the Clerk of the Court and filed [a] one-page document titled "Motion for IFP Amendment" stating that he submitted the money "for Due Process Rights purposes." [Plaintiff's] motion does not provide any information related to his request to proceed [IFP] and he has not been granted permission to pay his filing fee in installments.

Plaintiff appealed. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005) (explaining that although not a final order, the district court's denial of a motion to proceed IFP is appealable as a collateral order under the *Cohen* doctrine).

Plaintiff's appellate brief is wholly unresponsive to the district court's denial of his motion to proceed IFP other than to say Plaintiff now believes the district court (both the district judge and the magistrate judge) violated his due process rights by failing to honor his demand for a jury trial. Simply put, Plaintiff's failure to abide by the district court's directives and submit the required financial disclosures has made it impossible for that court to ascertain whether he should be entitled to proceed without prepayment of fees. Accordingly, the district court did not abuse its discretion when it denied Plaintiff IFP status. *See Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (unpublished) (reviewing the denial of a motion to proceed IFP in the district court for an abuse of discretion). If Plaintiff wishes to proceed with his lawsuit, he must refile his complaint in the district court together with the entire filing fee.

Finally, we need to address Plaintiff's motion to proceed on appeal IFP. To

3

proceed IFP on appeal, Plaintiff "must show a financial inability to pay the required filing fee *and* the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added) (citation omitted).  In addition to submitting a motion to proceed IFP on appeal that looks much the same as his district court motion, Plaintiff fails to make any argument on appeal, let alone a reasoned, non-frivolous argument, that the district court abused its discretion in its handling of his motion to proceed IFP.

Accordingly, the district court's denial of Plaintiff's motion to proceed IFP before it is AFFIRMED.  Plaintiff's motion to proceed IFP on appeal is DENIED, which means he remains responsible for paying the entire appellate filing fee.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge