**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELISSA PHILLIPS,

  Plaintiff - Appellant,

v.

OKLAHOMA CORPORATION
COMMISSION, Oil and Gas Division,
in individual and official capacity,

  Defendant - Appellee.

No. 11-7068

(E. D. Oklahoma)

(D.C. No. 6:11-CV-00125-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Melissa Phillips, appearing pro se, seeks leave to proceed *in forma pauperis*

("*ifp")* pursuant to 28 U.S.C. § 1915(a) (i.e., to appeal without paying the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

required filing fees), in order to appeal the district court's denial of in forma pauperis status in her attempt to commence an action in the district court. We have appellate jurisdiction to review a final order of the district court denying *ifp*. See Roberts v. United States District Ct., 339 U.S. 844, 845 (1950); Lister v. Dept. of Treasury, 408 F.3d 1309, 1310 (10th Cir. 2005). Solely for the purpose of allowing us to address the merits of Ms. Phillips' appeal, we elect to grant her permission to proceed on appeal *ifp*, and, for the reasons stated below, we vacate the district court's order denying *ifp* status and remand the case for further proceedings.

## BACKGROUND

This matter is another chapter in Ms. Phillips' dispute with her next door neighbor, Dennis Darragh, over the boundary line separating their two privately owned residential properties, among other things. See Phillips v. Kerns, 2012 WL 1678974 (10th Cir. May 15, 2012) (hereinafter referred to as "Phillips 1"); Phillips v. Layden, 434 Fed. Appx. 774 (10th Cir. 2011). Ms. Phillips sought *ifp* status in the district court to file a complaint against the "Oklahoma Corporation Commission, Oil and Gas Department in individual and official capacity," alleging, essentially, that the State took her land because Mr. Darragh, a state employee in the Oil and Gas Division, used his state-issued GPS device to attempt to locate the correct property line dividing their properties. Allegedly he

-2-

was off by 10 feet x 290 feet, according to a survey commissioned by Ms. Phillips.

The proposed complaint states in part:

> Defendant did seize Plaintiff's land by an employee Dennis Darragh Using his GPS device that this company gives him custody of for purpose of locating oil wells in fields and various places in the oil field inspection duties. This defendant corporation did tell Pittsburg county Sheriff Department deputy Doy Sennet on February 21st 2011, and to other persons that the boundary line of a private residence was located with the state corporation equipment.
>
> * * *
>
> Said "seizure" of Plaintiff's land by the corporation through their employee falls under Respondent Superior Doctrine BECAUSE the corporation through its effect of official capacity power of taking land with state equipment. Therefore said defendant is sued under individual capacity along with official capacity.

R. Vol. 1 at 4-5.

Ms. Phillips' affidavit in support of her motion for leave to proceed ifp listed "medically retired" income of $1300 per month (later adjusted to $1330 per month). She reported total monthly expenses (rental - $325, truck insurance - $75, water - $75, electric - $30, phone - $87, food - $300, and gas - $200) of $1,092, and special expenses of $400 for a surveyor and costs of subpoenas and unspecified repairs to vandalized property. She listed debts of $2,000 on her credit card, $700 for truck repair, $900 owed on her truck, and unspecified amounts for unpaid gas, electric and "water break" from her previous residence, including the expense of $160 for a water pump. Finally, she listed $400 in the

-3-

bank being used for the payment of current bills, a 2002 Ford Ranger truck, and

her residential lot at 343 Epley Drive, valued at $26,000 subject to a debt of

$22,000.  The affidavit listed her as single, with no dependents.  Id. at 9-11.

On April 8, 2011, the day after Ms. Phillips filed her motion, the district

court entered an order which stated, in part:

> In order to properly review Plaintiff's income and expenses prior to
> issuing a decision on this matter, the court orders Plaintiff to submit
> to the court the following documents, no later than **April 30, 2011**:
>
> A.    Copies of Plaintiff's tax returns for the years 2008, 2009 and 2010.
> B.    Copies of all bank, credit union, or savings & loan statements for the
>       past twelve months.
> C.    Proof of Plaintiff's utility expenses for the past twelve months.
> D.    Proof of Plaintiff's mortgage or property rental expenses for the past
>       twelve months.
> E.    Copies of deeds and mortgages related to Plaintiff's real property.
> F.    Copies of all credit card statements for the past twelve months.
> G.    Copies of all insurance statements for the past twelve months.
> H.    Proof of Plaintiff's food, medical and transportation expenses for the
>       past twelve months.
> I.    Proof of any other obligation or debt the Plaintiff considers relevant
>       to this request for *in forma pauperis* status.
>
> The court takes judicial notice that Plaintiff has filed two
> previous lawsuits in this court, 11-CV-0888-RAW and 11-DV-089-
> RAW, in which Plaintiff was granted IFP status in conjunction with
> the dismissal or remand of those cases.

Id. at 12-13.

Notably, as the court recognized in its order, the court had granted *ifp*

status in Phillips 1 just 13 days earlier, March 25, 2011, on the basis of an

affidavit similar to the one in question, but less detailed, showing alleged (but not

individually listed) total expenses of $1275 monthly against Ms. Phillips' monthly

medical retirement income of $1330. Id. at 32, 34, and Docket #3 of Phillips 1

(listed in the district court docket but not included in the record on appeal. This

court supplemented the record on its own motion.).

When Ms. Phillips failed to respond, the district court entered a second

order on June 13, 2011, directing Ms. Phillips to show cause no later than

June 24, 2011, as to why her case should not be dismissed for failure to

supplement as previously ordered. Id. at 14. On June 24, 2011, Ms. Phillips filed

a "Motion to Show Cause" in which she stated: (1) that she did not have access

to her records because they were in storage in Kansas; (2) that she was relying on

the fact that she had been granted *ifp* status in her other case, and there was no

change from that situation; (3) that she could not furnish tax returns because she

did not file returns since her VA disability pay was tax free; (4) that the court

lacked authority to demand the listed documents; (5) that her neighbor and state

officials were guilty of racketeering by colluding together; (6) that even prisoners

do not have to file such documentation; (7) that her affidavit was sufficient on its

face—citing various cases from California and other jurisdictions; and (8) that

failure to grant her *ifp* status would violate her due process rights. Id. at 15-18.

On July 8, 2011, the district court filed its third order in the case. In it the

court dismissed its earlier grant of *ifp* status as irrelevant and distinguished the

cited cases as inapposite. Then, for the first time, it reviewed the specific figures

contained in Ms. Phillips' affidavit and stated that the affidavit does not indicate how much she pays on the listed debts or if they remain outstanding. The court went on to say that it "can only ponder whether these miscellaneous debts are now paid in full, still completely outstanding, or partially repaid." Id. at 22. It observed that Ms. Phillips might not have access to all her records but "she has certainly received bank statements and financial invoices during the pendency of this request." Id. at 22-23. But the court concluded by returning to its original expansive order, stating:

> Plaintiff is again ordered to supplement her motion with the documents listed in its previous order dated April 8, 2011. The court expects Plaintiff to make a good faith effort to obtain as many of the documents as possible, without substantial expense to her. Plaintiff shall submit the requested documents within thirty days of the date of this order.

Id. at 23.

On August 8, 2011, Ms. Phillips filed two documents: one being a notice of a new *ifp* motion updating her income and expenses, including proceeds from the sale of a dog; and the other being a notice of interlocutory appeal to the circuit. Id. at 24-29. On August 10, 2011, this court dismissed the interlocutory appeal because there had been no final decision in the district court. Id. at 30.

On August 25, 2011, the district court issued its fourth and final order in the form of a six-page opinion which began by acknowledging that Ms. Phillips had filed a narrative statement about her finances (not included in the record on

appeal), but had still failed to file any documents. The court noted that it did not disbelieve Ms. Phillips' statements; rather it believed that she had discretionary funds. Id. at 34. The court again emphasized Ms. Phillips' noncompliance with the document order and cited her newly disclosed information about the sale of a dog and the payment of $100 for a bar prep course, plus the payment of internet and phone fees, among other things, to conclude that "[p]laintiff has discretionary funds from her monthly income, rental income and the sale of her puppies that could be delegated to the payment of her filing fees." Id. at 37-38. Accordingly, the court denied Ms. Phillips' motion to proceed *ifp* and ordered the filing fees to be paid within 14 days.

Ms. Phillips filed her notice of appeal from that order on September 8, 2011.

## DISCUSSION

Ms. Phillips contends that the district court erred in denying her leave to proceed *ifp* pursuant to 28 U.S.C. § 1915(a)(1). As amended in 1996,[1] § 1915(a)(1) provides in relevant part for the:

> [C]ommencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall

---

[1]Pub.L. 104-134, § 101[(a)][§ 804(a)(1)].

state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Id.[2]

The statute now requires, among other things, that the person submitting an affidavit for leave to proceed *ifp* must include a statement of all assets that person possesses. It follows that when assets are listed, they are essentially meaningless without a corresponding statement of liabilities, including monthly payments on those liabilities. Such information enables the district court not only to determine whether net and liquid assets exist sufficient to pay the $350 filing fee, but also whether the applicant is spending money for items not fairly falling within the category of the "necessities of life." See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Obviously, when the information submitted is ambiguous, insufficient or in improper form, for instance, to enable the district court to make an informed decision, the district court may require an applicant to supplement the affidavit initially submitted.

We have made it clear that "[c]onsistent with the language of § 1915(a)(1) that gives a district court discretion to grant permission to proceed IFP, 'we review the district court's denial of IFP status for an abuse of discretion,'" Lister, 408 F.3d at 1312 (quoting Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004)), but we cautioned that "in denying such applications

---

[2]We have held that the term "prisoner possesses" in the statute applies to all persons requesting to proceed *ifp*. See Lister, 408 F.3d at 1312.

a court must not act arbitrarily.  Nor may it deny the application on erroneous grounds."  Id. at 1313.

For the following reasons, we think such an error occurred in this case. The sweeping supplementation order issued on April 8, 2011, was overbroad and unaccompanied by any reasons, sufficient for appellate review, justifying the extent of the order; it was issued almost coincident with an order granting Ms. Phillips leave to proceed *ifp* in another case, upon the submission of an almost identical affidavit; and it was rendered even more problematic by the district court's later statement that "the court did not necessarily consider information provided by Plaintiff to be false."  R. Vol. 1 at 34.  To be sure, the district court attempted to narrow its supplementation requests in later orders, but the court consistently referred back to the April 8 order, as indicated in the statement of facts above.

Ms. Phillips' affidavit, supplemented by her narrative, is hardly immune from question, including questions raised by the district court in its August 25 order.  Narrowly-tailored supplementation, including monthly payments on her long-term indebtedness, would certainly cast more light on the acceptability of Ms. Phillips' application.  Nevertheless, applications to proceed *ifp* are not useful vehicles for ongoing collateral litigation, and this collateral litigation has gone on long enough.  Accordingly, we vacate the order of the district court denying Ms. Phillips leave to proceed *ifp* and remand the case with instructions that the district

court enter an order permitting Ms. Phillips' complaint to be filed without payment of fees, and then, in the same order, to proceed sua sponte to examine the above-described complaint pursuant to 28 U.S.C. § 1915(e)(2).[3]

## CONCLUSION

Order VACATED and case REMANDED with instructions.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Nothing in this order is intended to suggest that Ms. Phillips will have a free pass to file other complaints without prepayment of fees.