FILED
United States Court of Appeals
Tenth Circuit

May 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEROME L. GRIMES,

    Plaintiff - Appellant,

v.

TCF BANK,

    Defendant - Appellee.

No. 19-1078
(D.C. No. 1:19-CV-00171-GPG)
(D. Colo.)

_____

JEROME L. GRIMES,

    Plaintiff - Appellant,

v.

COLORADO SPRINGS CITY
COMMISSIONERS,

    Defendant - Appellee.

No. 19-1082
(D.C. No. 1:19-CV-00268-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Jerome Grimes appeals from the denial of two motions to proceed in forma pauperis (IFP) by the district court. We consolidate his appeals for the purposes of this opinion in light of their interrelated nature. Fed. R. App. P. 3(b)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Mr. Grimes is a plaintiff in two separate federal lawsuits in which he is proceeding pro se. Mr. Grimes moved in both lawsuits to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). See Grimes v. TCF Bank, No. 19-1078, at 1 R. 26–30; Grimes v. Colo. Springs City Comm'rs, No. 19-1082, at 2 R. 2–6. The court in Grimes v. TCF Bank, No. 19-cv-00171-GPG (D. Colo. Jan. 24, 2019) denied his motion. See TCF Bank, No. 19-1078, at 1 R. 31–32. It found, based on Mr. Grimes's affidavit accompanying his IFP motion, that his total monthly income was $2,275, which included a $1,500 monthly student loan, that his total monthly expenses were $1,306, and that he had an additional $4,500 in a savings account with Defendant TCF Bank. Id. at 31. Even accepting his vague allegation as true that TCF Bank was holding his student loan payment "hostage," the district court nevertheless found his savings account held sufficient assets to allow him to pay the $400 filling fee. Id. at 32. The following month, the district court in Grimes v. Colorado Springs City Commissioners, No. 19-cv-00268-GPG (D. Colo. Feb. 15, 2019) similarly denied Mr. Grimes's motion, finding that his assets were sufficient to cover his $400 filing fee in that case as well. See Colo. Springs City Comm'rs, 19-1082, at 1 R. 31–32.

2

Mr. Grimes timely appealed both determinations, arguing the district court erred by failing to recognize his income was non-taxable. TCF Bank, No. 19-1078, at 1 R. 33 & Aplt. Br. 4; Colo. Springs City Comm'rs, No. 19-1082, at 1 R. 46 & Aplt. Br. 4. In addition, Mr. Grimes has moved to proceed IFP on appeal, and he has included with his motions new affidavits and accompanying statements of his income, assets, and expenses.

**Discussion**

**A.      The District Court Did Not Abuse Its Discretion**

Although not a final order, the denial by a district court of an IFP application is appealable as a collateral order under the Cohen doctrine. Lister v. Dep't of Treasury, 408 F.3d 1309, 1310 (10th Cir. 2005); see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47 (1949). The district court may not act arbitrarily in denying an IFP motion, nor may its denial be based on erroneous grounds. Lister, 408 F.3d at 1313. We review such orders for abuse of discretion. Id. at 1312.

Section 1915(a)(1) requires the person submitting an affidavit to proceed IFP to state all assets he possesses. 28 U.S.C. § 1915(a)(1). Implicit in § 1915 is a requirement that the person include a statement of liabilities to allow an assessment of whether the person's net and liquid assets allow for payment of the filing fee. See Phillips v. Okla. Corp. Comm'n, 484 F. App'x 270, 274 (10th Cir. 2012) (unpublished). Here, Mr. Grimes submitted affidavits in both cases detailing his assets and liabilities. See TCF Bank, No. 19-1078, at 1 R. 26–30; Colo. Springs City Comm'rs, No. 19-1082, at 2 R. 2–6. And, in both cases, the district court calculated his stated net and liquid assets as

3

exceeding the $400 filing fee.  We thus cannot hold the district court abused its

discretion.  See Lay v. Okla. Dep't of Corr., 746 F. App'x 777, 779 (10th Cir. 2018)

(unpublished) (district court did not abuse its discretion by denying an IFP motion when

it found the movant's savings balance exceeded the district court filing fee).

**B.     Mr. Grimes's IFP Motions on Appeal**

Pursuant to Fed R. App. P. 24, a party desiring to proceed IFP on appeal "must file

a motion in the district court."  Fed R. App. P. 24(a)(1).  Only if that motion is denied is

there occasion to file an IFP motion on appeal, which must be made within 30 days after

notice of the district court's denial.  See Fed. R. App. P. 24(a)(5).  "Our consideration of

an appropriate and timely motion is not a review of the district court's denial, but an

original consideration."  Boling–Bey v. U.S. Parole Comm'n, 559 F.3d 1149, 1154 (10th

Cir. 2009).  Although Mr. Grimes failed to file the requisite motions in district court, in

the interest of expeditious processing of appeals, we will consider his motions.

To proceed IFP on appeal "an appellant must show a financial inability to pay the

required filing fees and the existence of a reasoned, nonfrivolous argument on the law

and facts in support of the issues raised on appeal."  DeBardeleben v. Quinlan, 937 F.2d

502, 505 (10th Cir. 1991).  Mr. Grimes has not shown the existence of a reasoned,

nonfrivolous argument on the law and facts in support of his claim that the district court

cannot consider non-taxable amounts in deciding IFP matters.

Mr. Grimes's motions to proceed IFP on appeal are DENIED and the district

courts' denials of his motions to proceed IFP in district court are AFFIRMED.  Mr.

4

Grimes is reminded of his obligation to pay the appellate filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge