**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG JOHN CHISHOLM,

Defendant - Appellant.

No. 15-4051
(D.C. Nos. 1:13-CV-00023-TS &
1:10-CR-00084-TS-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **MATHESON**, and **MORITZ**, Circuit Judges.

Craig John Chisholm, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order denying his motion for relief under Fed. R. Crim. P. 36, which the district court construed as an unauthorized second or successive motion attacking his sentence under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that the application for a COA is frivolous and deny it. Accordingly, we dismiss this matter. We also revoke the district court's grant of leave to proceed in forma pauperis (IFP).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As the district court explained, Mr. Chisholm pleaded guilty to drug and firearm charges in August 2011 and was sentenced to 200 months' imprisonment. D.C. No. 1:10-CR-00084-TS-1, Doc. 87, at 1-2. As part of his plea agreement, he waived his right to challenge his sentence by direct appeal or in any collateral proceeding, including a motion brought under § 2255. *Id.* Doc. 87, at 2. Mr. Chisholm did not file a direct appeal, but he filed a § 2255 motion in January 2013. D.C. No. 1:13-cv-00023-TS, Doc. 1. The district court denied that motion as barred by the waiver in his plea agreement. *Id.* Doc. 2, at 2-6.

Mr. Chisholm filed his Rule 36 motion in February 2015. He asserted that two points were improperly added to his criminal history based on a clerical error on the state court docket for his prior state conviction, and that the error increased his term of incarceration for his federal offense and was adversely impacting his treatment by the Bureau of Prisons. D.C. No. 1:10-CR-00084-TS-1, Doc. 86, at 1. He admitted that the district court rejected this argument prior to sentencing. *Id.* at 2. Nevertheless, he argued that he should be resentenced under criminal history category III instead of IV. *Id.* at 3.

The district court determined that Mr. Chisholm's arguments challenged the validity of his sentence, and it therefore construed his Rule 36 motion as a second or successive motion under § 2255. *Id.* Doc. 87, at 2. The district court lacked "jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251

(10th Cir. 2008) (per curiam). The court found that it would not be in the interest of justice to transfer the motion to this court for authorization because Mr. Chisholm's claims would be time-barred and were unlikely to have merit because he had waived his right to file a collateral challenge to his sentence. D.C. No. 1:10-CR-00084-TS-1, Doc. 87, at 4. The court further found "that [Mr. Chisholm's] claims were not filed in good faith as the Court has already explained that he waived the right to bring a collateral attack." *Id.*

The district court did not address COA, but Mr. Chisholm acknowledges that a COA is a jurisdictional prerequisite to our review of the district court's decision. *See* Aplt. Br. at 4-5; *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Chisholm] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Chisholm also acknowledges that the district court denied his habeas application on procedural grounds and that we will grant a COA only if the district court's procedural ruling is reasonably debatable. *See* Aplt. Br. at 5-6; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Chisholm repeatedly asserts, however, that he sought to correct a clerical error in his presentence report and that the district court erred by construing his Rule 36 motion as a second or successive § 2255 motion. Aplt. Br. at 6-9.

We are not persuaded by Mr. Chisholm's conclusory arguments that the district court misconstrued the nature of his Rule 36 motion. Mr. Chisholm asserts that he was "Sentenced in Criminal History Category IV," *id.* at 4, but the "corrected

[presentence] Report should show that Defendant Chisholm has . . . a Criminal History Category of III, rather than IV," *id.* at 3. He further asserts that he should not be "sentenced/resentenced with a [presentence] Report containing this misinformation" about the points determining his criminal history category. *Id.* at 10. These arguments challenge the validity of his sentence, and the district court did not err by construing his Rule 36 motion as a § 2255 motion. Mr. Chisholm does not challenge the court's decision not to transfer the § 2255 motion to this court for authorization, nor does he ask us to authorize him to file a second or successive § 2255 motion. We conclude that Mr. Chisholm's arguments are frivolous and that the district court's procedural ruling is not debatable.

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The district court found that Mr. Chisholm's claims were not brought in good faith, and we conclude that his arguments are frivolous. Accordingly, we revoke the district court's grant of IFP.

The application for a COA is denied and this matter is dismissed.  The district court's grant of IFP is revoked, and Mr. Chisholm is directed to immediately pay the entire $505 appellate filing fee.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk