**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL CURTIS PEMBERTON,

    Plaintiff - Appellant,

v.

ROBERT C. PATTON, New Director of
the Oklahoma Department of Corrections
Substitute, in his official capacity; MARY
FALLIN, Governor of the State of
Oklahoma, in her official capacity only;
JUSTIN JONES, individually and as Past
Director of the Oklahoma Department of
Corrections; JOHN DOE, individually and
in his official capacity; JANE DOE,
individually and in her official capacity;
DEBBIE MORTON, individually and in
her official capacity; WALTER
DINWIDDIE, individually and in his
official capacity; ANITA TRAMMELL,
individually and in her official capacity;
SALLY WIGGINS, individually and in her
official capacity; JAMES RUDEK, in his
individual and official capacity; TRACY
MCCOLLUM, in his individual and
official capacity; CARL BEAR,
individually and in his official capacity; JO
BETH HARVEY-HAYNES, Individually
and in her official capacity; GREG
BROOKS, in his individual and official
capacity; KERRY KENDAL, in his official
and individual capacity; DAVID
WORTHAM, in his individual and official
capacity; PAULA BETHEA, individually
and in her official capacity; OUIDA
NICKELL, individually; CHERYL WALL,
individually; MELONIE ALMAGUER,
individually; ALICIA GURRERO,

No. 15-6089
(D.C. No. 5:14-CV-00129-D)
(W.D. Okla.)

individually; L. D. ORMAND,
individually; E. SCOTT PRUITT, Attorney
General of the State of Oklahoma, in his
official capacity only,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

      Paul Curtis Pemberton, an Oklahoma inmate proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against numerous defendants, mostly prison officials. The district court determined Mr. Pemberton's appeal was frivolous and denied his motion to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915. Mr. Pemberton renews his § 1915 motion here. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal as frivolous, deny the § 1915 motion, and impose a "strike" under § 1915(g).

**I. Background**

      Mr. Pemberton is serving a life sentence in the custody of the Oklahoma Department of Corrections. In a prior case, filed on September 7, 2010, he asserted

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

some claims that were similar to claims he raised in this case. *See Pemberton v. Jones*, No. CIV-10-966-D, 2011 WL 1598194 (W.D. Okla. Apr. 27, 2011) ("*Pemberton I*") (unpublished order). On April 27, 2011, the district court dismissed all of the claims in *Pemberton I*, some with prejudice and some without, and assessed a "strike" under § 1915(g). *Id.* at *5. This court dismissed Mr. Pemberton's appeal on March 16, 2012, and the Supreme Court denied his petition for writ of certiorari on October 9, 2012.

Mr. Pemberton initiated this case in February 2014. In his 265-page complaint, he alleged numerous violations of his constitutional rights during his confinement. No response was filed. The district court referred the case to a magistrate judge, who issued a thorough, 53-page report and recommendation. Mr. Pemberton filed objections to the report. The district court overruled the objections and adopted the magistrate judge's report in its entirety, dismissing Mr. Pemberton's complaint for failure to state a claim and assessing another "strike" under § 1915(g).

In this appeal, Mr. Pemberton argues that the district court erred by (1) analyzing improperly his motion to join additional party defendants, (2) including in the case two defendants who were not named in the caption, (3) interpreting the complaint to include claims for money damages against some defendants in their official capacities, (4) misapplying the applicable statute of limitations, (5) misapplying the requirement to exhaust administrative remedies, (6) declining to

3

apply equitable tolling, (7) incorrectly reading his complaint, and (8) denying his motion to proceed on appeal without prepayment of fees.

In addition, two motions filed in this court remain pending: Mr. Pemberton's renewed motion to proceed on appeal without prepayment of fees and his motion to remand the case to the district court.

## II. Analysis

We review de novo the dismissal of a complaint for failure to state a claim. *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). We construe Mr. Pemberton's pro se pleadings liberally. *Id.* However, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We will not supply additional factual allegations or construct a legal theory on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). We accept the well-pleaded allegations in the complaint as true and construe them in the light most favorable to Mr. Pemberton. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). But we are not bound to accept legal conclusions couched as factual allegations. *Wittner v. Banner Health*, 720 F.3d 770, 775 (10th Cir. 2013).

We review for an abuse of discretion the district court's denial of a motion to proceed on appeal without prepayment of fees. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). A court may not deny such applications arbitrarily or on erroneous grounds. *Id.* at 1313.

4

**A. Motion to Join Additional Party Defendants**

The caption of Mr. Pemberton's original complaint did not include the names of defendants Mary Fallin and E. Scott Pruitt, though both were mentioned in the complaint. In response to Mr. Pemberton's motion to add them to the case, the magistrate judge amended the caption to include them. Later, the district court accepted the magistrate judge's determination that Mr. Pemberton had failed to state a claim against these defendants, dismissing without prejudice the claims against them.

Mr. Pemberton contends that the magistrate judge improperly analyzed his motion and that the district court erred by dismissing the claims against these defendants because he did not file a claim against either one of them. He seems to contend that because of the way these defendants were added to the case, he was precluded from asserting an equal protection claim against them. He offers no legal authority on this point and little in the way of explanation, and we decline to construct a legal theory on his behalf. *See Smith*, 561 F.3d at 1096. He does not point to any attempt to assert such a claim that was denied. Nor does he otherwise challenge the grounds on which the district court dismissed without prejudice the claims that it perceived he intended to assert against these defendants. We discern no error in the district court's conclusion that he failed to state a claim against these defendants.

5

**B. Inclusion of Defendants Not Named in the Caption**

The caption to the original complaint also did not include the names of defendants David Wortham and Ouida Nickell, although they, too, were mentioned in the complaint. Mr. Pemberton argues that he did not intend to include these defendants in the case. However, as the district court noted, he did not seek leave to amend the complaint to remove them. Moreover, dismissal without prejudice of the claims against these defendants accomplished the same relief Mr. Pemberton seems to seek on appeal – treating the case as if these defendants had never been part of it. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Mr. Pemberton does not otherwise challenge the dismissal of the claims against these defendants. Thus, we conclude the district court's dismissal without prejudice of these claims was not error.

**C. Claims for Money Damages**

The district court dismissed without prejudice Mr. Pemberton's "claims seeking money damages under 42 U.S.C. § 1983 against any Defendant in his or her official capacity." R., Vol. 1, at 737. Mr. Pemberton seems to contend this ruling was erroneous because the district court misconstrued his complaint as asserting such claims. Again, Mr. Pemberton fails to explain what relief he is requesting that differs from the court's dismissal without prejudice of these claims. *See Semtek*, 531 U.S. at 505. We discern no error with respect to the ruling. *See Brown v. Montoya*, 662 F.3d

6

1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue . . .

official-capacity defendants only for injunctive relief.").

## D. Statute of Limitations

Mr. Pemberton contends this case raised new claims that were not raised in

*Pemberton I* and that accrued between May 11, 2009 and ten working days after

March 6, 2012.  He argues that the district court erred by failing to apply to all of his

claims the two-year statute of limitations that began to run when the last claims

accrued.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (applying

Oklahoma's two-year statute of limitations in a § 1983 case).  We disagree.

Generally, courts apply statutes of limitations on a claim-by-claim basis.

*Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012); *see also Jones v.*

*Bock*, 549 U.S. 199, 221 (2007) ("As a general matter, if a complaint contains both

good and bad claims, the court proceeds with the good and leaves the bad.").  Thus,

even though the March 2012 claims, which we address in the next section, were

timely filed, they could not be used to bootstrap other claims that were time-barred.

*See Prendergast*, 699 F.3d at 1186 (rejecting the argument that timely raised claims

can resurrect claims that are time-barred).

Mr. Pemberton makes no other argument for why the May 2009 claims, which

were based on allegations that prison officials opened and read his legal mail, should

have been tolled.  Though he asserted in his complaint that he was placed on a

one-year grievance restriction beginning in November 2009, R., Vol. I, at 44, he did

not present a theory to support tolling these claims until the case was filed in

7

February 2014. Moreover, he did not explain how these claims differed from ones he asserted in *Pemberton I*, where he also alleged his legal mail had been opened. We discern no error.

To the extent Mr. Pemberton argues that he was entitled to tolling of the statute of limitations on a particular claim, it was his burden to prove that tolling applied. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). We agree with the district court that Mr. Pemberton's allegations did not support tolling. We also reject Mr. Pemberton's argument that the district court was required to order a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to determine which of his claims were timely filed. Although *Martinez* and the other case cited by Mr. Pemberton, *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), indicate that a district court may require and rely on such a report in certain circumstances, these cases do not stand for the proposition that a plaintiff is ever entitled one.

## E. Exhaustion of Administrative Remedies

With respect to the March 2012 claims, which stemmed from an interaction he had with defendant Alicia Gurrero, Mr. Pemberton argues that the district court erred by adopting the magistrate judge's finding that he had not exhausted his available administrative remedies. Mr. Pemberton alleged that Ms. Gurrero failed to deliver his mail, showed deliberate indifference to his safety by calling him a "rat" in the presence of other inmates, and filed a false assault charge against him. Though Mr. Pemberton was initially convicted of the assault charge, he successfully appealed the conviction through the prison's disciplinary channels.

8

"No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones*, 549 U.S. at 211 ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). While noting that the claims regarding the March 2012 incident were timely filed, the magistrate judge found that Mr. Pemberton's complaint contained no allegations that he sought administrative relief based on the incident as required by § 1997e(a). Therefore, the magistrate judge ordered Mr. Pemberton to show cause as to why the March 2012 claims should not be dismissed for failure to exhaust administrative remedies. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("If it is clear on the face of [the] complaint that [the plaintiff] had not exhausted his administrative remedies, then the district court properly may raise the exhaustion question sua sponte . . . and seek additional information from [the plaintiff].").

Mr. Pemberton responded by arguing that he had exhausted his administrative remedies when he obtained reversal of his assault conviction in the disciplinary proceedings. In the alternative, he argued that his failure to exhaust should be excused because he feared retaliation from prison officials if he filed a grievance about this matter.

The magistrate judge rejected these arguments, finding that the disciplinary charge against him was a separate matter from any § 1983 claims he might have against Ms. Gurrero or any other defendants, and that Mr. Pemberton's allegations about facing threats of retaliation were belied by his ample grievance record. *Cf.*

9

*Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials."). Further, because he had yet to file any claim, he had not been precluded from pursuing administrative remedies by prison regulations that prohibited seeking such relief for claims in the course of litigation. Therefore, the magistrate judge concluded that Mr. Pemberton could have exhausted his administrative remedies, but failed to do so, before filing his March 2012 claims. Although Mr. Pemberton alleged in his complaint that he "fully exhausted all available remedies," R., Vol. 1, at 22, we are not bound to accept legal conclusions couched as factual allegations. *Wittner*, 720 F.3d at 775.

## F. Equitable Tolling

Following the magistrate judge's recommendation, the district court dismissed Mr. Pemberton's retaliatory transfer claim on the ground that it was time-barred. The transfer occurred in October 2009, yet Mr. Pemberton did not file his complaint in this case until February 2014. Similar claims against unnamed defendants in *Pemberton I* had been dismissed without prejudice. Relying on Oklahoma law, he argues that this claim should have been tolled because the defendants responsible concealed their identities. *See* Okla. Stat. tit. 12, § 98; *see also Young*, 554 F.3d at 1258 (stating that Oklahoma law permits tolling of the statute of limitations "when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights" (internal quotation marks omitted)). However,

10

Mr. Pemberton does not point to any specific allegations that support this claim or even state which defendants concealed their identities. And, as discussed above, the filing of a claim that is not time-barred does not allow a plaintiff to circumvent the statute of limitations for a claim that is.

Because we have already determined the March 2012 claims were timely, though not exhausted, we need not address Mr. Pemberton's companion argument that those claims should have been tolled.

## G. Additional Arguments

We read issues seven through nine in Mr. Pemberton's brief as intending to argue that the district court should have applied equitable tolling or found that no administrative remedies remained available because various prison officials thwarted his efforts or deterred him by threatening retaliation. These arguments are conclusory and circular and turn, in part, on the correctness of Mr. Pemberton's other arguments, which we have found to be without merit.

He makes no showing of any exceptional circumstances. *See Young*, 554 F.3d at 1258 (noting that "exceptional circumstances" may justify equitable tolling). For the reasons already discussed, he cannot rely on documents he filed in connection with the disciplinary proceedings. Nor can he circumvent the grievance process by failing to make use of it. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) ("[A plaintiff] may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default."). To the extent

11

he argues he should be excused from exhausting his administrative remedies because he faced possible retaliation from prison officials, Mr. Pemberton's allegations fall short of both showings required under *Tuckel*: "(1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance . . . ; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance . . . ." 660 F.3d at 1254. In short, we discern no grounds for reversal based on the arguments in these sections of his brief.

**H. Motion to Proceed on Appeal Without Prepayment of Fees**

To succeed on a motion to proceed on appeal without prepayment of fees, a movant must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Here, the magistrate judge's 53-page report and recommendation thoroughly discussed the various allegations set forth in Mr. Pemberton's 265-page complaint (submitted with 334 pages of attached exhibits) and recommended imposing a "strike" under § 1915(g). The district court's 15-page order adopted all of the report's findings and recommendations and further discussed the allegations and applicable law. Because Mr. Pemberton has not shown any reasoned and nonfrivolous arguments on the facts and law in support of the issues he has raised on appeal, we discern no abuse of the court's discretion in denying the motion.

**I. Pending Motions**

Mr. Pemberton has renewed his motion to proceed on appeal without prepayment of fees in this court. Having found his arguments on appeal to be

12

frivolous, we deny the motion. Mr. Pemberton's motion to remand the case, essentially seeking the same relief as this appeal, is also denied. All other pending motions are also denied as moot.

## III. Conclusion

The judgment is affirmed. We dismiss the appeal as frivolous and assess a "strike." Mr. Pemberton has now acquired three "strikes." Consequently, he may not proceed without prepayment of fees in any future civil action or appeal in federal court unless he "is under imminent danger of serious physical injury." § 1915(g). Because we deny his motion to proceed on appeal without prepayment of fees, payment of the unpaid balance of the appellate filing fee is due immediately.

Entered for the Court


Bobby R. Baldock
Circuit Judge

13