**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISMAEL GONZALEZ-ARENAS, a/k/a
Jorge Castillo; a/k/a Ismael Gonzales
Arenas; a/k/a Jorge Castillo-Gonzalez;
a/k/a Ismael Gonzales-Arenas; a/k/a Ismael
Gonsales-Arenas; a/k/a Ismael Arenas-
Gonzalez; a/k/a Ismail Gonzalez-Arenas,

    Defendant - Appellant.

No. 17-1277
(D.C. No. 1:04-CR-00282-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Ismael Gonzalez-Arenas filed a motion in district court titled: "Complain

rebutalling the unconstitutionally unlawful Orders of Robert E. Blackburn dated and filed

on 06-12, 2017 and all unconstitutional unlawful procedurals and notifying that my godly

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

name has been and is copyright and demanding relief."[1] ROA Vol. II at 401. The district court denied the motion. We affirm.

Mr. Gonzalez-Arenas was convicted in 2011 on federal gun and drug charges and sentenced to life in prison. We dismissed his appeal. In 2016, this court authorized him to file a motion under 28 U.S.C. § 2255 to challenge his sentence under *Johnson v. United States,* 135 S.Ct. 2551 (2015). That motion is pending in district court.

In disposing of the motion filed in this matter, the district court "construe[d] the *pro se* motion as impugning the jurisdiction of this court and seeking reconsideration of the sentence imposed long ago." ROA Vol. II at 454. The court concluded "(1) that I had jurisdiction to try, convict, and sentence the defendant; (2) that I lack jurisdiction under 18 U.S.C. § 3582(c) to modify the extant sentence; and (3) that I lack jurisdiction to consider the motion as a successive motion under 28 U.S.C. § 2255." *Id.* at 455.

We agree with the district court. It (1) had jurisdiction over Mr. Gonzalez-Arenas's criminal case under 18 U.S.C. § 3231; (2) under 18 U.S.C. § 3582(c), it lacked jurisdiction to modify his sentence; and (3) because this court has not authorized a § 2255 motion for this matter, *see* 28 U.S.C. § 2255(h), it lacked jurisdiction on this basis. Mr. Gonzalez-Arenas's opening and reply briefs provide no nonfrivolous arguments to contest these grounds.

---

[1] Because Mr. Gonzalez-Arenas is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. Gonzalez-Arenas's motion for lack of jurisdiction. We also deny his request to proceed *in forma pauperis*. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (requiring a "reasoned, nonfrivolous argument" for *ifp*).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge