FILED
United States Court of Appeals
Tenth Circuit

August 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WADE LAY,

     Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; JOE ALLBAUGH,
ODOC Director; OKLAHOMA STATE
PENITENTIARY; TERRY ROYAL,
Warden OSP; JERRY PERRY, H-Unit,
Unit Manager,

     Defendants - Appellees.

No. 18-6024
(D.C. No. 5:17-CV-01224-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

_____

    Wade Lay, a state prisoner proceeding pro se,[1] appeals the district court's denial of

his motion to proceed _in forma pauperis_ (IFP). He now moves to proceed IFP on appeal.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. _Gaines v. Stenseng_, 292
F.3d 1222, 1224 (10th Cir. 2002). But this liberal treatment has limits. Though we
can make allowances for "the [pro se] plaintiff's failure to cite proper legal authority,

And he moves for injunctive relief and for a protective order. We affirm the district court's denial of IFP and deny Lay's motion to proceed IFP on appeal.

## BACKGROUND

On November 13, 2017, Lay sued the Oklahoma Department of Corrections, the Oklahoma State Penitentiary, the H-Unit Manager Jerry Perry, and Warden Terry Royal, under 42 U.S.C. § 1983. Lay alleges that corrections officials have violated his constitutional rights by taking from him a document essential to a state-court appeal and protective order he has filed with the Oklahoma Supreme Court. Lay doesn't specify what constitutional provision he believes corrections officials violated by taking the document from him. Lay also alleges in the present appeal that corrections officials have violated his due process rights by restricting his access to a phone to call his attorneys or sister, by restricting his access to the courts, by withholding medical services, and by keeping him from enjoying commissary items such as hygiene products and stationary. And he contends he's in imminent danger because two corrections officers have assaulted him, breaking his left ring finger and right pinky finger. For his imminent-danger claim, Lay doesn't specify what constitutional right he believes the officers violated by assaulting him.

Lay moved to proceed IFP in the district court. He also moved for injunctive relief and a protective order as part of his § 1983 suit. He asked the district court to: order the Oklahoma Department of Corrections and Oklahoma State Penitentiary to follow the

---

his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we can't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

Prison Rape Elimination Act; enjoin corrections officials from physically abusing him and withholding medical services; enjoin corrections officials from steaming open his legal mail; enjoin corrections officials from sharing information among one another concerning his state-court and federal lawsuits; and enjoin corrections staff from retaliating against him for having filed his lawsuits.

The district court twice ordered Lay to cure deficiencies with his IFP motion. In response, Lay filed an "Application for Leave to Proceed in Forma Pauperis," which cured some, but not all, of the deficiencies identified by the district court. R. vol. I at 366. So the district court issued a third and final deficiency notice. Lay finally complied, filing his IFP motion on the proper form. Later, the magistrate judge assigned to Lay's case found that Lay had $550.67 in his inmate-savings account, an amount sufficient to prepay the $400 district court filing fee. So the magistrate judge recommended denying Lay's IFP motion. Lay objected to the magistrate's recommendation, contending that though he could pay the filing fee, he worried that corrections officials would obstruct his attempt to pay it.

On January 31, 2018, the district court adopted the magistrate's recommendation and denied Lay's IFP motion. To alleviate Lay's reputed fears that corrections officials might block him from paying the $400 filing fee, the district court directed the Court Clerk to send a copy of the court's order to the accounting department of the Oklahoma State Penitentiary.

Lay appealed the district court's denial of his IFP motion.

## DISCUSSION

### A. District Court IFP Denial

A district court's denial of IFP status is immediately appealable. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310 (10th Cir. 2005). We review such a denial for an abuse of discretion. *Id.* at 1312. When denying an IFP motion, the district court must not act arbitrarily or base its decision on erroneous grounds. *Id.* at 1313.

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement" of a civil suit without the prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." So to succeed on an IFP motion, the movant must make two showings: (1) "a financial inability to pay the required filing fees"; and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues" he raises. *Lister*, 408 F.3d at 1312 (citing *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

We conclude that the district court acted within its discretion when it denied Lay's IFP motion. At the time, Lay's inmate-savings statement reflected a $550.67 balance. That balance sufficed to prepay the $400 district court filing fee.

### B. IFP Motion on Appeal

Lay now moves to proceed IFP on appeal. To do so, Lay must show (1) that he has a financial inability to prepay the $505 appellate filing fee, and (2) that he has forwarded a "reasoned, nonfrivolous argument on the law and facts in support" of his appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting

4

*DeBardeleben*, 937 F.2d at 505). Lay can't afford to prepay the $505 appeal filing fee because his funds have declined, and because a corrections official has certified that his average monthly balance for the past six months has been $85.39. So Lay meets the first requirement for proceeding IFP on appeal. But he fails the second requirement because his appeal is frivolous. The record shows that when the district court denied IFP, Lay had sufficient funds to pay the $400 district court filing fee. And it shows that though Lay acknowledged he could pay the district court fee, he still chose to lodge this appeal. Lay doesn't qualify for IFP on appeal, and we deny his appellate IFP motion. *Cf. Lister*, 408 F.3d at 1313 (denying motion to proceed IFP on appeal because prisoner failed to provide court of appeals with sufficient information regarding her financial status). We order immediate payment of the unpaid balance due.

## CONCLUSION

We affirm the district court's denial of IFP and we deny Lay's motion to proceed IFP on appeal.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We lack jurisdiction to consider Lay's motion for injunctive relief and a protective order because the district court hasn't yet ruled on these issues. *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from[] . . . [i]nterlocutory orders . . . granting, . . . refusing or dissolving injunctions[.]"). And the present appeal concerns only the district court's denial of Lay's IFP motion.