FILED
United States Court of Appeals
Tenth Circuit

January 3, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

THEODORE R. FERGUSON,

     Plaintiff - Appellant,

v.

JEFFERSON COUNTY SHERIFF'S
OFFICE; SECURUS TECHNOLOGIES,

     Defendants - Appellees.

No. 18-1461
(D.C. No. 1:18-CV-01828-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

Pro se plaintiff/appellant Theodore Ferguson filed this case when he was

incarcerated at the Jefferson County jail in Colorado. The district court dismissed his

amended complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and entered

judgment against him. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Ferguson is pro se, we liberally construe his filings but do not
act as his advocate. _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

# I. BACKGROUND

Mr. Ferguson filed the original complaint along with four other plaintiffs. ROA at 5-16. The district court dismissed the other plaintiffs for failure to prosecute and to cure deficiencies in the original filing. *Id.* at 30-32. Mr. Ferguson was ordered to file an amended complaint to clarify his claim. *Id.* at 33-38.

Mr. Ferguson's amended complaint alleged that the Jefferson County Sheriff's Office and Securus Technologies, the contractor that manages financial accounts for the jail, improperly disclosed inmates' personal identification numbers (e.g., date of birth), shared inmates' private financial information, and failed to disclose policies and practices about disclosure of that information. *Id.* at 39-51. The district court dismissed the amended complaint as legally frivolous, ruling as follows:

1. <u>12 U.S.C. § 1884 claim</u> – The statute provides that "[a] bank or savings and loan association which violates a rule promulgated pursuant to this chapter shall be subject to a civil penalty which shall not exceed $100 for each day of the violation."

   The district court held this claim fails because (1) the statute applies only to a bank or a savings and loan association and neither defendant is a bank or a savings and loan, and (2) the amended complaint has not identified any rule promulgated under Chapter 19 of Title 12 of the United States Code that the defendants may have violated. *Id.* at 60-61.

2. <u>12 U.S.C. § 3417 claim</u> – This statute provides for civil penalties for "[a]ny agency or department of the United States or financial institution obtaining or disclosing financial records contained therein in violation of" the Right to Financial Privacy Act. 12 U.S.C. § 3417(a). The Right to Financial Privacy Act "prohibits a financial institution from disclosing a customer's financial records . . . to a governmental authority unless either the customer authorizes the disclosure of such information or the government obtains a valid subpoena or warrant. *Neece v. IRS*, 96 F.3d 460, 462 (10th Cir. 1996) (quotations omitted). "'Government authority' means any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401(3).

2

The district court held this claim fails because the amended complaint did not allege that either defendant, even if they are "financial institution[s]," had disclosed his financial records to an agency or department of the United States. *Id.* at 61.

3. 15 U.S.C. §§ 6801, 6802, 6803, 6805 claims – These statutes protect against disclosures of nonpublic information by financial institutions.

The district court held the amended complaint did not allege facts showing a violation of these statutes or that he is entitled to relief based on a violation of these statutes. *Id.* at 61-62.[2]

The district court certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore denied Mr. Ferguson *in forma pauperis* status to take his appeal. *Id.* at 62.

## II. DISCUSSION

In his brief on appeal, Mr. Ferguson argues that the Sheriff's Office and Securus Technologies are financial institutions. Aplt. Br. at 2-4. He cites 15 U.S.C. § 6805, 12 C.F.R. § 1016.3, and 31 C.F.R. § 14.1. *Id.* at 2. This argument appears to concern his claims under 12 U.S.C. § 3417 and 15 U.S.C. §§ 6801 et seq. But, as the district court held, even if the defendants are financial institutions, the amended complaint failed to allege facts showing a statutory violation on which to base a claim. Our review of the amended complaint leads us to agree, for substantially the same reasons the district court stated, that the amended complaint should be dismissed as legally frivolous.

---

[2] The amended complaint is laden with citations to federal statutes and regulations. In its dismissal order, the district court attempted to sort out the possible statutory bases for Mr. Ferguson's claims. We have carefully reviewed the amended complaint find no reason to disagree with the district court's efforts.

Mr. Ferguson also appears to argue that the district court should not have dismissed his amended complaint without requiring the defendants to file an answer. Aplt. Br. at 3. But because Mr. Ferguson was granted leave to proceed *ifp* in district court under 28 U.S.C. § 1915, *see* ROA at 60, the court acted within its authority to dismiss the amended complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), which states that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous."

## III. CONCLUSION

We affirm the district court's judgment. Because Mr. Ferguson has not advanced a "reasoned, nonfrivolous argument" on appeal, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), we also deny his request to proceed *ifp*, which means that payment is due on his filing fee.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

4