FILED
United States Court of Appeals
Tenth Circuit

January 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICTOR CHARLES FOURSTAR, JR.,

    Plaintiff - Appellant,

v.

SHELLY SMITH; MIKE MCGRATH;
JON MOOG; SEVEN MONTANA
SUPREME COURT JUSTICES; ANITA
RICHARD; DEWAYNE BURKE;
CAROL WISE; MARK HIGGINS;
KAREN KLEMPE; MARY ROADS;
TRACY ANDERSON; CLYDE
BARNETT; BRUCE CHENG; DEXTER
LAMPE; KELVIN QUINTANA;
DARRELL WADE; ANGELA
TUTTIOLMONDO; BOB TUCKER;
JORGE VALDEZ; PETER O'BRIEN;
CATHY R. GOETZ; JESSIE CARLSON,

    Defendants - Appellees.

No. 18-1328
(D.C. No. 1:18-CV-00563-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the resolution of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Victor Charles Fourstar, Jr., proceeding pro se, appeals the district court's dismissal without prejudice of his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

While incarcerated in a federal prison in Colorado, Mr. Fourstar filed a pro se prisoner complaint against 23 defendants, including various Colorado prison personnel, seven Montana Supreme Court justices, and other Montana state officials. His complaint asserts two numbered claims, each of which appears to include multiple sub-claims.

In claim one, Mr. Fourstar asserts violations under the First, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments of the U.S. Constitution and the "Bad Man" Clause of the 1868 Fort Laramie Treaty. [ROA at 11.] The factual allegations in these claims relate to the medical and dental treatment Mr. Fourstar received in prison. [*Id.* at 12-18.] In claim two, Mr. Fourstar asserts violations of the same constitutional provisions and treaty but also alleges that defendants violated the Administrative Procedure Act ("APA"). [*Id.* at 19.] Claim two relates to an ethics complaint that Mr. Fourstar filed against a Montana prosecutor. [*Id.* at 19-22.]

The magistrate judge assigned to the case ordered Mr. Fourstar to file an amended complaint, finding that the original complaint failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. [*Id.* at 41.] Mr. Fourstar objected to the magistrate judge's order, and the district court overruled his objections [ROA at 4.]. The court then gave Mr. Fourstar an additional month to file

2

an amended complaint. [ROA at 60.] Over the next two months, Mr. Fourstar filed two motions for extensions, both of which the court granted. [*Id.* at 4.] In granting Mr. Fourstar's third extension, however, the court noted that the case would be dismissed if Mr. Fourstar did not comply with the magistrate judge's order and file an amended complaint by the new filing deadline. [ROA at 5.]

Mr. Fourstar failed to file an amended complaint, and the court dismissed his action without prejudice under Rule 8. [ROA at 89.] The court further "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal." ROA at 89. Mr. Fourstar timely appealed. [ROA at 92.]

## II.  DISCUSSION

We review the district court's dismissal of a complaint without prejudice under Rule 8(a) for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." We construe pro se pleadings liberally. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But we do not assume the role of advocate and make arguments for the pro se litigant. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Mr. Fourstar's complaint recites a series of encounters that do not appear to have any common thread. His first claim moves from a discussion of tuberculosis, to complaints of a chipped tooth, to problems with his knees, to an argument that he was

3

denied anxiety medication. [ROA at 11-18.] His second claim alleges that a series of Montana judges and public officials engaged in a common "scheme" to dismiss the ethics complaint he filed against a Montana prosecutor. [ROA at 19-21.] Moreover, although Mr. Fourstar begins his claims by citing constitutional provisions, a treaty, and the APA, he does not attempt to link those authorities to any of the factual allegations he makes in the successive paragraphs. His brief on appeal largely recounts the factual allegations in his complaint. Put simply, the complaint is difficult to comprehend and falls short of containing a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

We therefore hold that the district court did not abuse its discretion in finding under Rule 8 that "Mr. Fourstar fail[ed] to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each claim." ROA at 88.

## III.  CONCLUSION

We affirm the judgment of the district court. Because Mr. Fourstar has not advanced a "reasoned, nonfrivolous argument" on appeal, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), his motion to proceed *in forma pauperis* is denied.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4