**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

KENT VU PHAN,

    Plaintiff - Appellant,

v.

RED SKY HOMEOWNERS
ASSOCIATION INC.,

    Defendant - Appellee.

_____

KENT VU PHAN,

    Plaintiff - Appellant,

v.

RED SKY CONDOMINIUM HOA;
JASON LOBATO; STEPHEN
BEAUDOIN; DOUGLAS OHI,

    Defendants - Appellees.

No. 21-1179
(D.C. No. 1:20-CV-03624-LTB-GPG)
(D. Colo.)

No. 21-1182
(D.C. No. 1:20-CV-03439-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Kent Vu Phan sued several defendants in a series of lawsuits arising from the same set of operative facts. He has appealed the dismissal of two of those lawsuits, and for procedural purposes we address both appeals in this order. We affirm the district court's dismissal of his claims in both cases.

## I. Background

Mr. Phan has filed five lawsuits in federal district court, all arising from the alleged contamination of his condominium's crawlspace. His fourth and fifth lawsuits are the subject of these appeals.

### A. Appeal from *Phan v. Red Sky Homeowners Ass'n, Inc.*, No. 20-CV-03624-LTB-GPG

In Appeal No. 21-1179, Mr. Phan challenges the dismissal of his lawsuit against Red Sky Homeowners Association ("RSHA"). Mr. Phan alleged RSHA sent to him a bill in the amount of $13,359.01, which he claimed violated the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §§ 10801 *et seq.*, and the Americans with Disabilities ("ADA") Act, 42 U.S.C. §§ 12101 *et seq.* He also asserted claims of racial discrimination and retaliation under 42 U.S.C. § 1981, and a state-law claim for intentional infliction of emotional distress.

The district court dismissed all of Mr. Phan's claims. It held: (1) the PAIMI Act does not provide a private cause of action to individuals; (2) private residential condominiums are not public accommodations governed by the ADA; and

2

(3) Mr. Phan had not set forth plausible allegations that RSHA intended to discriminate or retaliate against him based on race. Without a basis for asserting federal subject matter jurisdiction, the district court declined to exercise supplemental jurisdiction over Mr. Phan's emotional distress claim.

**B. Appeal from *Phan v. Red Sky Condominium HOA, et al.*, No. 20-CV-03439-LTB-GPG**

In Appeal No. 21-1182, Mr. Phan challenges the dismissal of his lawsuit asserting ADA, racial discrimination, and state-law claims against Red Sky Condominium HOA, realtor Jason Lobato, home inspector Douglas Ohi, and environmental specialist Stephen Beaudoin. The district court dismissed the claims against Red Sky Condominium HOA, Mr. Lobato, and Mr. Ohi under the doctrine of claim preclusion. The district court also held those claims were barred by the applicable statutes of limitations. Finally, the district court held Mr. Phan's conclusory allegations against Mr. Beaudoin failed to satisfy the requirements of Fed. R. Civ. P. 8(a).

## II. Discussion

"Under [Fed. R. App. P.] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). Although we review a pro se litigant's pleadings liberally, we will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* at 840.

3

Therefore, any argument not clearly made in a party's opening brief will be deemed waived. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

In both of his appeals, Mr. Phan fails to meaningfully challenge any of the bases for the district court's dismissals. His respective opening briefs largely reiterate his conclusory allegations against the defendants. We therefore hold that Mr. Phan has waived any challenge to the district court's rulings.

## III.  Conclusion

We affirm the district court's dismissals of Mr. Phan's lawsuits. In each appeal, Mr. Phan moved for leave to proceed in forma pauperis. We deny both motions. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding that to prevail on a motion to proceed in forma pauperis, the movant must show not only an inability to pay, but also "the existence of a reasoned, nonfrivolous argument on the law and facts"). Mr. Phan's pending motion to dismiss these appeals is deficient and he has not corrected the deficiency as requested by the Court. The motion is therefore denied.

Entered for the Court


Nancy L. Moritz
Circuit Judge
