**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

KRIS BRISCOE,

    Plaintiff - Appellant,

v.

RYAN JOHNSTON; AMAZON.COM
SERVICES, LLC; AMAZON.COM,
INC.; BETHANY REYES; THEUNIS
KOTZE; GAVIN HEPBURN; KEVIN
WARF; SILVIA VALDEZ; GENELLE
ROSE; JASMINE KAMMER,

    Defendants - Appellees.

No. 25-1030
(D.C. No. 1:24-CV-03163-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Kris Briscoe brought this lawsuit against Amazon.com, Inc. and other

defendants by filing a form complaint provided by the district court for pro

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

se employment discrimination cases. She sought to bring claims for wrongful termination and employment discrimination, and she asserted the defendants were part of a conspiracy to harm her. But she did not provide supporting factual allegations, stating "[o]nce an attorney is assigned, they will present the full complaint." R. at 8. Briscoe also moved for the district court to seal the case and hold a hearing regarding that request, and filed an application to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

A magistrate judge reviewed her filings and entered an "Order Directing Plaintiff to Cure Deficiencies," on November 18, 2024. R. at 13. That order denied Briscoe's IFP application without prejudice to re-filing because she had not provided most of the financial information required to show she could not afford the filing fee. Acknowledging her statement that she was "not comfortable" filing that information, given the alleged conspiracy, the court's order advised she could seek to re-file her IFP application using its restricted filing procedures. R. at 14 (internal quotation marks omitted). The order denied her requests to seal the case and hold a hearing. It also found her complaint deficient because it had not provided addresses for all parties or attached her administrative charge of employment discrimination or notice of right to sue, as required with the form complaint. The order directed her to cure the identified deficiencies

2

within thirty days and warned that if she did not do so, "the action will be dismissed without further notice." R. at 16.

On January 8, 2025, the district court observed Briscoe had "not cured the identified deficiencies or communicated with the Court in any manner," R. at 18, and therefore dismissed her action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the prior order.

Briscoe timely appealed, challenging the dismissal of her action and the denial of her IFP application. We have jurisdiction under 28 U.S.C. § 1291, and review the rulings for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (as to dismissal under Rule 41(b)); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (as to denial of IFP application).

Because Briscoe is pro se, we construe her filings liberally but do not act as her advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Doing so, we discern five potential claims of error in her brief on appeal. Although that brief does not comply with Federal Rule of Appellate Procedure 28(a), we exercise our discretion to address Briscoe's contentions, which can be simply resolved. None show the district court abused its discretion.

First, Briscoe asserts that she "fully" completed her IFP application. Aplt. Opening Br. at 3. The record shows otherwise. She did not provide the information required by the application form, or follow its instructions.

Second, Briscoe argues the district court should have granted her IFP application based on her sworn statement that she had no income, without requiring further financial information. But the IFP statute required Briscoe to submit "an affidavit that includes a statement of all assets," 28 U.S.C. § 1915(a)(1), and the district court's rules required her to "use the procedures, forms and instructions" provided for IFP applicants, D.C.COLO.LCivR 8.1(a), including the standard form ("AO 239") application, which incorporates an affidavit. Briscoe does not cite any authority that excused her from following those requirements. Although she argues the district court should have granted her IFP status because the Eighth Circuit did so in another case, she did not alert the district court to that case. *See United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022) ("[W]e evaluate the district court's exercise of discretion based on the information presented . . . .").

Third, Briscoe argues that based on her privacy concerns – related to alleged "hacker(s)," identity theft, and a "conspiracy," Aplt. Opening Br. at 4 – due process required the district court to hold a hearing rather than requiring her to file her financial information in writing. But district courts

4

generally have discretion to rule without a hearing. *See* Fed. R. Civ. P. 78(b); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding district court acted "well within its discretion" in dismissing action without a hearing), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215–16 (2007). And, as noted, § 1915(a)(1) and the district court's rules required Briscoe to file a written application and affidavit. Further, when the court advised she could seek to re-file her IFP application using its restricted filing procedures, she did not take that step. Nor did she argue in district court that those procedures were insufficient or establish why a hearing was needed.

Fourth, Briscoe suggests she was unable to correct her deficient filings because she did not have access to electronic filing. But that does not explain why she did not cure the deficiencies using traditional filing.

Fifth, Briscoe argues she was not required to comply with the magistrate judge's order because she did not consent to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). However, the magistrate judge was authorized to review her complaint and filings, *see* D.C.COLO.LCivR 8.1(a), and to "hear and determine" non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A). Unlike consent jurisdiction under § 636(c)(1), a magistrate judge's authority to act under § 636(b)(1) "does not require the consent of the parties." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766

5

(10th Cir. 2000) (as to § 636(b)(1)(B)); *see also Prater v. Dep't of Corr.*, 76 F.4th 184, 194 (3d Cir. 2023) (as to § 636(b)(1)(A)).[1]

Because the district court did not abuse its discretion in denying Briscoe's IFP application and dismissing her action, we affirm. We grant Briscoe's motion to proceed on appeal without prepayment of costs and fees; we remind her she is required to make partial payments until the filing fee is paid in full.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[1] Where a final order denying IFP status "is the functional equivalent of an involuntary dismissal," we have recognized it is "outside the scope of a magistrat[e judge]'s authority." and the magistrate judge "should . . . only issu[e] a report and recommendation." *Lister*, 408 F.3d at 1312 (internal quotation marks omitted). Here, the magistrate judge took only the non-dispositive actions of denying the IFP application without prejudice to re-filing and ordering Briscoe to cure deficiencies in her filings. When she did not comply with that order, it was the presiding district judge who dismissed her action under Rule 41(b). In these circumstances, the magistrate judge did not exceed his authority.